Gillen vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

conditions precedent to the issuing of his license, could not recover it back. This is a very salutary rule, but it is merely a plain application of the general and familiar principle that, where payment is made in compliance with a condition pre-cedent, it cannot be recovered back merely because the payer is unable or unwilling to comply with all the conditions. It follows that the judgment appealed from is right.

*By the Court.*— The judgment of the circuit court is af-firmed.

GILLEN, Administratrix, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*November 29 — December 17, 1895.*

*Railroads: Ejection of passenger: Excessive damages.*

In an action for the wrongful ejection of a passenger from a rail-road train, where exemplary damages were not allowable and there was really no evidence of time lost from business or occupation, or of expenses incurred, or of confinement by sickness, or of any unusual inconvenience, damages assessed at $1,500 and reduced by the remission of $750 are *held* still to be excessive, and a further remission of $400 is made a condition of judgment in plaintiff's favor.

APPEAL from a judgment of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

The action is brought to recover damages for the alleged wrongful ejectment of plaintiff's decedent from defendant's train. Frank Gillen, on July 11, 1893, boarded one of defendant's accommodation trains, at Cavour. He paid the regular fare from Cavour to Pembine, to the conductor, on the train. The conductor gave him no ticket or other evidence that he had paid his fare. At the station at Armstrong Creek, and before reaching Pembine, the train upon which

Gillen was was delayed and put upon a side track. Afterwards another mixed train, going towards plaintiff's destination, came along, and took the car in which he was, and proceeded on its way. The conductor of this train demanded of Gillen a ticket or his fare. For his failure to produce either, the train was stopped and Gillen at the conductor's command went off. The place was more than a mile from any house, and between three and four miles from Armstrong Creek station. The day was rainy. Through a drenching storm Gillen returned to the station. The same night he was carried to Pembine, by the same train and conductor with whom he had started in the morning, and without further payment of fare.

Gillen was subject to inflammatory rheumatism. He claims that his exposure to the storm and wetting brought on an attack of rheumatism; that he suffered from it a long time, and did no work; that he supposed that it was the wetting which caused the attack of rheumatism, but does not know. He was not sick, nor confined to his house, made no complaint, and had no medical attendance or advice. His neighbors and familiars noticed no difference in his appearance or conduct. There was no evidence to show loss of time from his business or employment; no expense of nursing or medical service. There was no ground for substantial damages other than physical and mental suffering. It was not a case for exemplary damages. The charge of the trial court was to this effect. The jury assessed the plaintiff's damages at $1,500. As a condition against the granting of a new trial on the ground that the damages were excessive, the plaintiff remitted $750 from the verdict, and had judgment for $750, from which the defendant appeals. Since the appeal was taken, Gillen has died, and his administratrix has been substituted as respondent herein.

For the appellant there was a brief signed by *Alfred H. Bright*, *George B. Young*, and *Paul Browne*, and oral argu-

ment by *Mr. Bright.* To the point that the damages were excessive, they cited *Patten v. C. & N. W. R. Co.* 32 Wis. 524; *Goodno v. Oshkosh,* 28 id. 300; *Spicer v. C. & N. W. R. Co.* 29 id. 580; *Corcoran v. Harran,* 55 id. 120; *Texas & P. R. Co. v. Doherty,* 4 Tex. App. Civ. Cas. 231; *Phettiplace v. N. P. R. Co.* 84 Wis. 412; *Finch v. N. P. R. Co.* 47 Minn. 36; *McLean v. C., St. P., M. & O. R. Co.* 50 id. 485.

For the respondent there was a brief by *Alban & Barnes,* and oral argument by *John Barnes.* On the question of damages, they cited *Wightman v. C. & N. W. R. Co.* 73 Wis. 169; *Phettiplace v. N. P. R. Co.* 84 id. 412; *Bass v. C. & N. W. R. Co.* 42 id. 654; *Craker v. C. & N. W. R. Co.* 36 id. 657; *Stutz v. C. & N. W. R. Co.* 73 id. 147, 152; *Smalley v. Appleton,* 75 id. 18; *King v. Oshkosh,* id. 517; *Spicer v. C. & N. W. R. Co.* 29 id. 580; *Patry v. C., St. P., M. & O. R. Co.* 77 id. 218; *S. C.* 82 id. 408; *Goodno v. Oshkosh,* 28 id. 300; *McDonald v. Ashland,* 78 id. 251; *Bridge v. Oshkosh,* 71 id. 363; *Hinton v. Cream City R. Co.* 65 id. 323; *Waterman v. C. & A. R. Co.* 82 id. 613; *Heddles v. C. & N. W. R. Co.* 77 id. 228; *Berg v. C., M. & St. P. R. Co.* 50 id. 419.

Newman, J. It does not appear that any substantial error occurred in the progress of the trial. There was little to be considered by the jury besides the assessment of the plaintiff's damages. It was not a case for exemplary damages, but for compensatory damages only. So the trial court advised the jury. Yet the jury assessed the damages at a sum so evidently and largely disproportionate to the injury actually sustained that the trial judge promptly required one half to be remitted as the condition upon which the verdict should be permitted to stand. The judge might well have set aside the verdict altogether, for the large proportion of the verdict which he required to be remitted sufficiently indicates that he entertained the opinion that the verdict was so large as to make it manifest that it was the product of prej-

Gillen vs. Minneapolis, St. Paul & Sault Ste. Marie R. Co.

udice, partiality, or other improper bias. The parties are entitled to have even an assessment of damages made by a fair and impartial jury, and to have the impartial judgment of the jury in that behalf. But the trial court has a large discretion, in such cases, whether it will allow a part to be remitted and the verdict to stand for the balance, or whether it will set the verdict aside altogether and grant a new trial. *Corcoran v. Harran*, 55 Wis. 120.

But it appears to this court that, after one half has been remitted from the verdict, it is evidently still too large for fair compensation; for there is really no evidence of time lost from business or occupation, or of expenses incurred, or of confinement by sickness, or of any unusual inconvenience. The practice in such cases, in this court, is well established. It is to reverse the judgment, and remand for a new trial unless the plaintiff shall remit from his verdict so as to reduce it to such sum as the court shall deem satisfactory. *Potter v. C. & N. W. R. Co.* 22 Wis. 615; *Goodno v. Oshkosh*, 28 Wis. 300; *Baker v. Madison*, 62 Wis. 137; *McLimans v. Lancaster*, 63 Wis. 596; *Heddles v. C. & N. W. R. Co.* 74 Wis. 239; *Waterman v. C. & A. R. Co.* 82 Wis. 613.

The case of *Baker v. Madison*, 62 Wis. 137, is possibly misleading, and possibly does not express very clearly what was intended. The case had been tried three several times. The verdict on the third trial was much larger than on either previous trial. Indeed, it was twice as large, and so in fact afforded intrinsic evidence of passion and prejudice. This fact brings the case within the rule stated above, and followed by the later cases.

It appears to this court that the verdict, after the remission of one half, is yet too large by half.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial unless, within thirty days after the *remittitur* is filed in that court, the plaintiff shall remit in writing from the verdict all dam-

ages in excess of $350, and file such remission with the clerk of the trial court. In that case judgment is to be entered for the plaintiff on the verdict for $350 and the costs in the circuit court.

Numerous decisions as to excessive verdicts for personal injuries are collated in a note to *Standard Oil Co. v. Tierney* (92 Ky. 367) in 14 L. R. A. 677.— REP.

