HEIMLICH, by guardian *ad litem,* Respondent, vs. TABOR, Appellant.

*December 14, 1904—January 10, 1905.*

*Trial: Excessive verdict: When court can grant option to remit excess: Damages.*

1. In case of a verdict which is fatally excessive, either from perversity or other cause, whether dealt with in the trial or appellate jurisdiction and whether the excess is susceptible of determination by computation or not, the right to recover being clear, it is proper to so provide that one party to the litigation, at his option, whether the other consents or not, may terminate the controversy by a judgment for less than the amount named by the jury.
2. In providing, as indicated, the court cannot legitimately invade the right of trial by jury by substituting its judgment on the evidence, as to the proper amount to be awarded plaintiff, for the judgment of a jury.
3. The only proper basis for determining the correct amount of a verdict which is fatally defective, is the probable finding by an impartial jury, reasonable doubts being resolved against the party to whom the option is given to take or submit to judgment.
4. The practice, where the only error in a verdict is that it is fatally excessive, of naming a sum for which judgment may be rendered at the option of one of the parties, is highly beneficial in the administration of justice, and does not prejudicially, if at all, violate the rights of either party, if grounded upon the proper basis.
5. Where the option is given to the plaintiff to take judgment for a less sum than that found by the jury and thus avoid a new trial, such sum should be placed as low as an impartial jury on the evidence would probably name, and where the option is given to the defendant to submit to judgment and avoid a new trial, regardless of the attitude of the plaintiff, the sum named should be as large as an impartial jury on the evidence would probably find.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover damages for false imprisonment and malicious prosecution. The evidence tended to show these circumstances: Appellant for some time prior to the occurrence complained of had been accustomed to put out traps along the Wisconsin river for the purpose of catching fur-bearing animals. Occasionally he lost one or more traps in a manner indicating that the taker had appropriated the same with whatever animals were therein. November 22, 1903, defendant discovered that some of his traps had been taken and that tracks made by some person led from the vicinity of the taking to the home of plaintiff, who was a minor under fourteen years of age residing with his parents. Thereupon defendant, without making any demand for the traps or further investigation of the matter, obtained from a justice of the peace a search warrant and placed the same in the hands of an officer for the purpose of having the premises of plaintiff searched with a view of discovering the missing traps. Said officer visited such premises to execute the warrant. Thereupon plaintiff admitted taking some of the traps, and produced those most recently missed. He gave as a reason for taking them that his father's dog got into one, and that he removed them to prevent a reoccurrence of such accident. After being pressed to give up other traps that had been missed he produced some more. Defendant selected from those exhibited all he could identify as his and took them away. The traps plaintiff took were found by him upon the premises of his father. After the occurrence mentioned, defendant endeavored to extort money from plaintiff or his father by threatening that unless money was paid he would have plaintiff arrested and sent to jail or the reform school. After the lapse of about three months, such threats not having resulted in compliance with defendant's demands, he sued out a search warrant and a warrant for plaintiff's arrest for larceny. Such offense was committed, if at all, in the town of Merrimac. The warrant was issued by a police justice of

the city of Prairie du Sac who had no jurisdiction in the matter. Plaintiff was arrested upon the warrant and taken before the police justice, who, without giving him time to see his father, adjourned the cause for one week, and consigned plaintiff to the public lockup for safe keeping until he could furnish bail. He was there confined for some three hours, when by the friendly interference of a citizen of the place he was released. On the adjournment day for the first time the district attorney was called in. As soon as he acquainted himself with the facts he caused the proceedings to be dismissed.

At the close of the evidence it was conceded that plaintiff was entitled to a verdict for such damages as the jury might find warranted by the evidence. The jury rendered a verdict in plaintiff's favor for $400, which the court permitted to stand for $200, remarking that it seemed that the damages assessed were so large as to indicate that the jury were influenced by some improper motive. Plaintiff consented to take judgment for $200, and the cause was closed accordingly, defendant appealing to this court.

For the appellant the cause was submitted on the brief of *G. Stevens.*

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

MARSHALL, J. We assume for the purposes of this case, the verdict was so unreasonably large as to satisfactorily indicate that in reaching the decision the jury were moved by some improper influence, either consciously or unconsciously—the trial court having reduced it to the extent of one-half, accompanying such action by the statement that it was tainted with perversity. So defendant has not had the damage assessable against him determined by an impartial jury upon the evidence, but has been compelled to submit to such a judgment in that regard as respondent was willing to accept. If there be any question at this late day as to whether

the rights of parties can thus be determined, and if they can, as to wherein exists a basis for the practice justifying it as not involving judicial violation of the ancient right of jury trial, no better opportunity is liable to be presented for solving it than the one in hand.

Counsel for appellant confidently assert that appellant's right to an assessment of damages by a fair and impartial jury, instead of being compelled to submit to the judgment of the trial judge in lieu thereof, has been flagrantly violated, and to vindicate such claim points to this expression in *Gillen v. M., St. P. & S. S. M. R. Co.* 91 Wis. 633–636, 65 N. W. 373, 374:

"The parties are entitled to have an assessment of damages made by a fair and impartial jury, and to have the impartial judgment of the jury in that behalf."

That language is similar to expressions indulged in where the doctrine prevails that except in cases where the excess allowed by the jury is susceptible of computation to something like mathematical accuracy, the court has no right to say that the verdict shall not stand as rendered, but may stand at a less sum, naming the same; that if the court deems the verdict too large, in an action for general damages or in any cause of action where the proper amount to be arrived at cannot be determined by mere calculation, there is but one course rightly pursuable, unless both sides consent to a different one, and that is to set the verdict aside and grant a new trial; that to do otherwise would substitute the judgment of the judge for that which the parties are entitled to have. It is said, that rule should be observed with great strictness where the verdict is perverse, because such a one is really no verdict at all.

Doubtless, unless the trial judge in scaling down a verdict and permitting one party to a suit to accept the situation thus created and end the controversy, whether his adversary is willing or not, determines the proper amount of the verdict

.from the standpoint of what, in his judgment, a jury would probably allow, the language of jurists and text-writers, forcibly as they do, condemning such practice would seem to be unanswerable. Where such practice prevails rulings in that regard will be found accompanied, especially in appellate jurisdictions, with expressions like these: "The amount so determined upon will be a liberal allowance to the plaintiff for the injury:" "The sum which we have named, if found by the jury, would not be deemed excessive:" "So large a sum as that we suggest might reasonably have been found by the jury:" "The sum we have named will fairly compensate the plaintiff:" and also with a vigorous affirmance of the doctrine that the judgment of the jury is the proper test of the amount to be recovered, and that nothing can be legitimately substituted for it against the protest of either party. In other cases where the indications are more or less significant that the rights of the unconsenting party were intended to be adequately guarded, expressions like these are found: "The right of the trial court to allow plaintiff to remit *the excess* and then give him judgment for the residue is almost universally recognized." *Baker v. Madison,* 62 Wis. 137–151, 22 N. W. 141, 583; *Corcoran v. Harran,* 55 Wis. 120–127, 12 N. W. 468, 471: "The verdict should have been allowed to stand upon condition that the plaintiff remit *the unreasonable excess.*" *Heddles v. C. & N. W. R. Co.* 74 Wis. 259, 42 N. W. 243: "The trial court or the appellate court, where the only error in the verdict is that it is excessive, whether it be deemed perverse in that respect or not, may rightly permit it to stand, if the plaintiff consents to reduce it to the proper amount."

Now it would seem to be quite clear that if a trial or appellate court compels a defendant to submit, at the plaintiff's option, to a judgment for less than that named in a verdict, held to be fatally excessive, thus enabling the plaintiff to succeed without a new trial, and fails to guard against all reasonable danger of impairment of the former's rights,—as for

example, if it does so on the basis of allowing a *liberal*, or full, or, from the judge's standpoint, merely a fair compensation to the plaintiff, it invades the rights of the defendant. It does just what all courts have declared cannot be legitimately done.

Further to allow a verdict which is fatally excessive to stand upon condition of plaintiff remitting the excess, or as it is sometimes said as indicated, consents to a reduction thereof to *the proper amount,* is likewise an invasion of such right, unless the *amount of the excess, or the proper amount* of the verdict is determined upon some basis which fairly takes the judgment of a jury for the guide instead of the independent judgment of the court. It is not logical to so vigorously defend the right of jury trial in civil actions by mere words and accompany it by substituting therefor, in fact, the judgment of the court. The right of jury trial is as sacred to the defendant as to the plaintiff.

The practice of treating fatally defective verdicts,—the right to recovery being unquestioned,—so as not to prejudicially invade the rights of either party and yet terminate the litigation without the expense of another trial, is in the interests of public and private justice. It is a great boon to the parties directly interested, and to the public as well, upon whom in a great measure the burden of judicial administration rests. Notwithstanding the remarks quoted from the opinion of Mr. Justice NEWMAN, in *Gillen v. M., St. P. & S. St. M. R. Co. supra,* such practice is firmly established in this state, both as to trial courts and this court. It has become the judicial custom in case of a fatally excessive verdict where the right to recover is clear, whether the error is attributable to perversity or not, and whether the defendant does or does not consent, to permit the plaintiff to terminate the controversy without the expense of a new trial by consenting to take judgment for an amount sufficiently under that named by the jury to cure such error in the judgment of the court (*Baker*

*v. Madison, supra*) ; and also to permit the defendant in such a situation to terminate the litigation, whether plaintiff is willing or not, by consenting to judgment for a sum sufficiently less than the verdict to, in the judgment of the court, cure the error (*Rueping v. C. & N. W. R. Co. ante,* p. 319, 101 N. W. 710). That rule with a legitimate basis therefor has been evolved in the course of years of judicial administration as a most valuable means of "promptly and without delay" terminating disputes between parties to the end that, so far as due course of law will permit, wrongs may be remedied or prevented without that financial exhaustion which tends to make men surrender valuable rights rather than to persist in efforts to secure them by legal means.

No reason is perceived for retracing judicial footsteps as to that practice, and no reason for apologizing for its existence, while the reasons are many for more thoroughly intrenching it on a logical basis that will meet all criticism, if that has not heretofore been done. It is believed that the one already established here satisfies that essential. That requires the sum imposed upon the defendant, whether he consents or not, giving the option to the plaintiff, to be as small as an unprejudiced jury would probably name; and the sum to be imposed upon the plaintiff, whether he consents or not, giving the option to the defendant, to be as large as an unprejudiced jury on the evidence would probably name. This court has, in recent years at least, in dealing with such verdicts endeavored consistently to follow that course, deeming it the only one pursuable, consistent with the principle that the right of jury trial should not be judicially invaded. *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644; *Rueping v. C. & N. W. R. Co., supra.* In view of this the remarks in *Gillen v. M., St. P. & S. S. M. R. Co.* 91 Wis. 633, 65 N. W. 373, upon which counsel for appellant relies, are misleading, so far as they suggest that there must necessarily be a new trial when there is a perverse verdict.

It does not affirmatively appear that the trial court in dealing with the verdict in question failed to observe the practice above indicated as to the manner of determining the amount for which plaintiff might, at his option, take judgment. We must assume, therefore, that it endeavored to do so. In such circumstances the trial court necessarily is required to decide questions of fact. The inquiry in such a case is, what amount would an unprejudiced jury, properly viewing the evidence, probably say would be an equivalent for the plaintiff's injuries? Looking at the matter, of course, from one standpoint, where the option is to be given the plaintiff, and another where it is to be given the defendant; the conclusion reached in solving such a question, the same as in other questions of fact, must be regarded as a verity upon appeal, unless it appears from the record to be clearly wrong.

Applying the rule stated to the evidence before us, we are unable to conclude that the verdict as reduced is excessive, or the appellant's right to have an impartial jury determine the measure of his liability was prejudicially invaded. Liability to compensate respondent is conceded, and was in the court below. The evidence was produced before the jury as fully as appellant desired. The whole case was spread before the court, leaving but the one question to be solved of what sum appellant ought to pay respondent. The verdict reached, though fatally excessive, was reduced to as small an amount as any other jury on the same evidence would probably assess in respondent's favor, or as the jury which heard the case, had it acted properly, would probably have assessed the same. The discretion of the trial court, as an original matter, respecting the amount of money constituting a fair equivalent for the wrongs done to respondent, was not made the basis for the judgment complained of, but its discretion respecting the amount which the jury, had they viewed the case properly, would have awarded plaintiff, or the amount which another jury would probably award resolving reasonable doubts in

that regard against the party favored with the option, was. made such basis. Therefore appellant has no reason whatever to complain.

*By the Court.*—The judgment is affirmed.