## YELLOW CAB CO. v. KEANE.
### No. 6255.

Circuit Court of Appeals, Seventh Circuit.
Nov. 16, 1937.

Harry I. Parsons, of Chicago, Ill., for appellant.

William H. Murphy, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Appellant raises two questions: (a) The sufficiency of the evidence to support a verdict in favor of appellee; and (b) the

sufficiency of the evidence to support a damage finding of $4,000.

██ We are satisfied that the evidence necessitated the submission of the case to the jury on the issue of appellant's negligence. Appellee was a passenger and in no way negligent. She employed a taxicab to take her to church. While driving along Fullerton Avenue and just as the cab reached Geneva Terrace, the driver stopped the cab suddenly and appellee was thrown violently forward. She struck her head on the rail. She stated that the taxicab was going rapidly. Appellant denies this, but on this appeal we must accept that version of the testimony which the trial court and the jury believed, if it be substantially supported and not incredible.

There is nothing improbable or impossible about appellee's testimony. In fact, in many respects it is undisputed. There is, for instance, no question about her engaging the taxi and being thrown forward off her seat and striking her face on the rail. One can hardly reconcile these facts with the exercise of care on the driver's part. He explained his suddenly stopping and swerving his car by saying the car in front of him stopped suddenly. The car in front was going at a rate of fifteen to eighteen miles an hour and was approaching a place where a change in course and speed was likely. Either the cab driver should not have approached so close to the car in front or he should have reduced the speed of the car he was driving. At least, a jury was justified in finding him derelict in one or the other respect.

Whether the evidence showed damages to the extent of $4,000, the amount for which judgment was entered is seriously questioned. Appellant insists that upon no version of the evidence should such an allowance be upheld. We are considerably in doubt about it.

The trial judge saw and heard the witnesses and evidently concluded that the verdict of $4,800 was excessive. He reduced it by $800, fixing $4,000 as the maximum sum recoverable. Appellee accepted the reduced sum rather than take a new trial, the alternative offered her.

██ It is quite impossible for an appellate court to pass as intelligently on the amount of recoverable damages in a personal injury case as the District Court. It is common knowledge that some injuries which seemingly are slight grow more serious. They grow worse when every expectation is that they will promptly disappear. If we were to rely solely on our judgment, we would not award so large a recovery. We are, however, merely reviewing the action of the District Court who saw the injured party.

██ Under well recognized rules of law we may not disturb the finding if there be substantial evidence to support it. Doubtless the District Court labored under the difficulty that all triers of fact meet in measuring pain, suffering, and inconvenience and translating the same into money evaluations. To what extent nervousness is attributable to an injury or results from an unsettled law suit is a problem with which the District Judges and the juries are required to wrestle. Somewhat reluctantly we defer to the judgment of the District Judge in this case. At least we find ourselves unable to say that the sum of $4,000, in view of the doctors' and other witnesses' testimony, was so excessive as to warrant a reversal. Gila Valley Co. v. Hall, 232 U. S. 94, 34 S.Ct. 229, 58 L.Ed. 521; Koenigsberger v. Richmond Silver Co., 158 U.S. 41, 15 S.Ct. 751, 39 L.Ed. 889; Heimlich v. Tabor, 123 Wis. 565, 102 N.W. 10, 68 L.R.A. 669; Campbell v. Sutliff, 193 Wis. 370, 214 N.W. 374, 53 A.L.R. 771.

If we were to reverse this judgment because the damages awarded are excessive, we probably would remand it to the District Court for the sole purpose of resubmission of the question of damages to another jury. Chicago & A. R. Co. v. Allen (C.C.A.) 249 F. 280; Cub Fork Coal Co. v. Fairmount Glass Works (C.C.A.) 59 F.(2d) 539; Gasoline Products Co. v. Champlin Co., 283 U. S. 494, 51 S.Ct. 513, 75 L.Ed. 1188. In view of the completeness and fairness of the hearing on the issue of negligence nothing would be gained by a retrial of that issue.

██ A party should not be permitted to impose expenses of a retrial of all issues upon the public or upon a litigant who can ill bear the expense, if it appears that all issues save one were fully and fairly heard and disposed of on the first trial. Of course, the facts in each case must determine whether the retrial shall be of all issues.

It is inferable that the District Judge believed the verdict was in fact excessive. This conclusion arises from the fact that he reduced the amount $800. In determining whether this reduction was sufficient to cure any prejudice which such verdict evidenced, it is important to note that the existence of some damages is not denied. It also ap-

pears that such controversy as exists over the amount arises chiefly over the sum which should be allowed to one who suffers pain and mental anguish. A more difficult case for the determination of damages can hardly be conceived than one which required a court or jury to award a money judgment to an individual who, in good health and strength and vigor, is subjected to confinement in bed and suffers physical and mental pain. Perhaps the measure of damages in libel and slander cases is even more conjectural, but it is doubtful.

The evidence on this issue of damages is such that we cannot say there was error in refusing a new trial after the verdict was reduced. Koenigsberger v. Richmond Silver Co., 158 U.S. 41, 15 S.Ct. 751, 39 L.Ed. 889; Gila Valley Co. v. Hall, 232 U.S. 94, 34 S.Ct. 229, 58 L.Ed. 521.

The judgment is affirmed.