STEINFELDT, Plaintiff and Respondent, vs. PIERCE and others, Defendants: HERMAN MUTUAL INSURANCE COMPANY, Defendant and Appellant.*

*October 9—November 5, 1957.*

* Motion for rehearing denied, with $25 costs, on January 7, 1958.

For the appellant there was a brief by *Thiel, Allan & Storck* of Mayville, and oral argument by *Lloyd Allan*.

For the respondent there was a brief by *Callahan & Arnold* of Columbus, and oral argument by *Carroll B. Callahan*.

MARTIN, C. J.   When the trial court reduced the damages awarded by the jury in the first trial, it gave to the defend-

ants the option of permitting the entry of judgment on the verdict as so amended "or, by default of exercise of such option within twenty days from the filing of this decision, to thereby request a new trial. . . . A new trial will concern damages only."

The damages not disturbed by the court's decision were $1,000 for damage to plaintiff's automobile, $50 for bandages, drugs, and rental of crutches, and $227.50 for doctor and hospital bills. An interlocutory judgment for the plaintiff was entered on these amounts with costs on September 28, 1956. Thereafter the new trial was had on damages, in which the jury assessed $2,500 for plaintiff's pain and suffering and temporary disability and $6,000 for permanent injury. Judgment was entered thereon on February 6, 1957.

Appellant asks this court to review the evidence and the findings on liability made by the jury in the first trial. This we cannot do. If appellant wanted to preserve its right to appeal on the issues of negligence, it should not have exercised its option to have a new trial on the issue of damages only. In accepting the new trial on damages, it accepted the findings on liability, and waived its right to appeal on those issues.

Any other view would render the new trial on damages a nullity. Suppose we accepted this appeal and held that plaintiff was at least as negligent as the appellant's insured. What purpose would the new trial, already held, on damages have served? It would be just an idle gesture, a waste of time and money. The purpose of an option is to terminate litigation. See *Corcoran v. Harran* (1882), 55 Wis. 120, 12 N. W. 468; *Baker v. Madison* (1885), 62 Wis. 137, 22 N. W. 141, 22 N. W. 583; *Baxter v. Chicago & N. W. R. Co.* (1899), 104 Wis. 307, 80 N. W. 644; *Heimlich v. Tabor* (1905), 123 Wis. 565, 102 N. W. 10; *Campbell v. Sutliff* (1927), 193 Wis. 370, 214 N. W. 374. The litigation

as to negligence has been terminated by appellant's acceptance of a new trial on damages only.

Appellant cannot be permitted to take a new trial on damages only,—accepting the findings of the jury on negligence,—and now, being satisfied with the damages fixed on the new trial, appeal on the issues of liability. The only issue on which the appellant is now in a position to appeal is the issue of the damages awarded on the new trial, and no contention is made that they are excessive.

*By the Court.*—Appeal dismissed.

CURRIE, J. (*concurring*). The motions after verdict filed by the appellant in the instant case followed the usual pattern employed by defendants in automobile accident cases in which the jury has returned a verdict in favor of the plaintiff. The first relief requested was a determination as a matter of law of the negligence issues so as to entitle the movants to a dismissal of the complaint as to them. Secondly, if this was denied, then such defendants moved for a new trial on the ground of enumerated alleged errors in the conduct of the trial. Thirdly, if the other motions be denied, then a new trial was requested because of excessive damages awarded to the plaintiff.

It would seem to be beyond question that, where the trial court, as in the instant case, only grants an option in the alternative for a new trial on the issue of damages or of having judgment entered for a reduced amount of damages, and denies all such other motions, the moving defendants are not thereby deprived of their right to appeal to this court on the other issues raised in their motions after verdict. In other words, where the result gained by the defendants by reason of their motions after verdict is but part of a loaf instead of the whole loaf, this should not preclude an appeal in which it is again sought to secure the whole loaf.

This raises the question of how a party, in the position of the appellant in the within case, who has secured such partial relief, in the form of being awarded an option of either being awarded a new trial on damages only or of having judgment entered for the plaintiff in a reduced amount, must proceed so as not to waive his right to appeal as to the other issues raised by his motions after verdict. The majority opinion herein makes it clear that he waives such right of appeal if he participates in a new trial on the issue of damages only. The question is further complicated because of the dilemma in which such defendant finds himself. Under the partial relief granted he is given so many days in which to exercise the option of either having a new trial on damages only, or of permitting judgment to be entered in favor of the plaintiff for a reduced amount of damages. The time in which he is permitted to exercise such option will have long since expired by the time he perfects his appeal and the same is heard and determined by this court. The option may be so worded that, if the defendant makes no election within the option period, the one of the two alternatives which he deems least favorable will become effective. If he makes an affirmative election under the option, or otherwise affirmatively acts to take advantage of the partial relief afforded by the trial court's order on the motions after verdict, he may have waived his right to appeal on the other issues. On the other hand, if he fails to elect the favorable alternative under the option and appeals, the time for such election will have expired.

The situation is analogous to that facing a plaintiff who is in the position of having a demurrer to his complaint sustained under an order which grants him twenty days in which to plead over. Does he lose the benefit of the option to plead over if he appeals on the merits and is unsuccessful on such appeal? The revised mandate entered in *Cross v. Leuenberger* (1954), 267 Wis. 232, 238b, 65 N. W. (2d) 35, 66 N. W. (2d) 168, as a result of the motion for rehearing,

provides the key as to the proper procedure to be followed. The plaintiff appellant in such a situation should include in his brief a request that, if unsuccessful on the appeal, this court modify the order below so as to start the running of the twenty-day period in which to plead over from the date of the remittitur by this court to the trial court.

This same procedure would seem to be equally applicable to a defendant in the position of the appellant in the instant action. A request should be inserted in such defendant's brief on the appeal to this court asking that, in the event the appeal proves unavailing, the option period for electing a new trial, or suffering judgment to be entered for a reduced amount of damages, be made to commence from the date of the remittitur.

A final word of caution might be in order. If the order entered below from which the appeal is taken awards a new trial on damages, the appellant should make certain that such order contains a denial of his other motions after verdict. If this is not done, then he will be appealing from an order which is entirely favorable to himself, and there will be nothing for this court to review. On the other hand, an order for judgment is not an appealable order. Therefore, if an order on motions after verdict is entered which so words the option that judgment for a reduced amount of damages is to be entered in behalf of the plaintiff when the defendant fails to elect, within the period fixed, a new trial as to damages only, the defendant must let such judgment be entered and then appeal from such judgment.

FAIRCHILD, J. (*dissenting*). In my opinion the appeal should not be dismissed. Appellant attempted on motions after verdict to obtain relief from alleged errors both on liability and damage issues. The trial court determined that the verdict was not perverse but merely had awarded excessive damages. The trial court gave relief as to damages by

giving an option either to permit judgment for an amount fixed by the court or to proceed with a new trial on damages only. In my opinion appellant cannot be said to have waived its right to a review of the liability issues on appeal by choosing to proceed with a new trial as to damages only. The argument that it had made such waiver could have been made with equal logic had the appellant chosen to permit judgment at the reduced figure. The reduction offered by the court and the new trial on damages only were simply alternative methods of granting relief from excessive damages only. Neither choice was inconsistent with the preservation of appellant's challenge of the verdict on liability.

Able counsel for Steinfeldt did not assert that there had been a waiver by appellant of its right to appeal, but argued the merits here.