KULIGOWSKI, by next friend, Respondent, vs. KIECKHEFER Box COMPANY, Appellant.

*March 3—March 23, 1915.*

*Master and servant: Injury: Perverse verdict: New trial: Contributory negligence: Questions for jury.*

1. In an action for personal injuries sustained by a minor employed as a teamster in unloading heavy boxes, the jury having found that plaintiff's working place was as free from danger as the employment would reasonably permit, that the method of unloading boxes was reasonably safe, that defendant did everything reasonably necessary to protect plaintiff's life, health, safety, and welfare, and that he suffered no damages, an order granting a new trial on the ground that the verdict was perverse is *held* not so clearly wrong as to warrant a reversal.
2. Although plaintiff had complained to defendant's foreman on the morning of the day he was injured that the lifting of the boxes was too hard for him and the foreman had told him he must do it or quit the service, he was not, by continuing in the employment, guilty of negligence as a matter of law.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is an action to recover damages for an injury which the plaintiff alleges he sustained while in the employ of the defendant.

The plaintiff at the time of the accident was nineteen years of age. He was employed by the defendant as a teamster and was required to deliver boxes at the various places of defendant's customers in the city of Milwaukee. On the occasion of the alleged injury he was engaged in delivering boxes at the Cutler-Hammer Company's establishment. It appears that the place at which he had to unload the boxes was on the north side of a building and the boxes had to be hoisted through a door which was about ten or twelve feet from the ground. By standing upon the wagon it was therefore necessary, as he testifies, to raise the boxes above his head and push them through the door, where they were received by some employees of the Cutler-Hammer Company. He testifies to having sustained a rupture while unloading boxes in this manner. He also testified that he asked for help of the Cutler-Hammer Company's employees and that they refused unless he would pay them for it; that some of the boxes weighed from forty to forty-five pounds; that he had complained to Max Brodell, the manager of the defendant company, of the difficulty and danger connected with unloading the boxes; that Brodell told him he would have to get his help of the Cutler-Hammer people; that upon his return to the defendant company's establishment, after the trip upon which he claims to have been injured, he told Brodell that he was hurt and asked to go home; that Brodell sent him out again and kept him at work until 7 o'clock in the evening. Three ex-teamsters also testified that they had complained to Brodell that the unloading at this place was too hard for one man, but that he told them to get help from the Cutler-Hammer people. Brodell denied that any one complained to him concerning any difficulty of unloading the boxes or that the plaintiff told him he was hurt and ought to go home. Other teamsters of the defendant company testified that they always got help from the Cutler-Hammer Company when they had to unload these thirty-five or forty-pound boxes at this side door of that

company's building; also that help was always forthcoming when asked for. Employees of the Cutler-Hammer Company testified that they gave help when it was necessary and asked for. One of them testified that the plaintiff asked for no help on this particular day.

Dr. Kryzyks testified that he treated the plaintiff the next day and found strangulated scrotal hernia and advised plaintiff's going to a hospital. Two days later Dr. Noble was called and took the plaintiff to a hospital, where he was operated on for rupture. Plaintiff was in the hospital two weeks and confined to the house for several months.

At the trial in the civil court the jury returned a special verdict in which they found that (a) the place of plaintiff's employment was as free from danger as the employment would reasonably permit; (b) the method and process of unloading boxes was reasonably safe; (c) the defendant did everything reasonably necessary to protect the life, health, safety, and welfare of the plaintiff; and (d) that the plaintiff suffered no damages. The civil court granted a new trial upon the ground that the verdict was perverse.

Upon appeal to the circuit court this order of the civil court was affirmed. From such order this appeal is taken.

For the appellant there was a brief by *Doe, Ballhorn & Wilkie,* and oral argument by *H. M. Wilkie* and *J. B. Doe.*

For the respondent there was a brief by *Aarons & Niven,* and oral argument by *John M. Niven.*

SIEBECKER, J. The trial court granted a new trial upon the ground that the verdict of the jury was perverse, and the circuit court on appeal, after examining the record, sustained the action of the trial court. It is contended that the facts and circumstances shown in the record show that such action of the lower courts is clearly wrong and should be reversed. The argument is made that the trial court manifestly granted the new trial for the sole reason that the jury's verdict find-

Kuligowski v. Kieckhefer Box Co. 160 Wis. 320.

ing that plaintiff had sustained no damage was against the overwhelming weight of the evidence.    We are not convinced of this by the record.    A trial court has superior opportunity to learn and know whether or not any elements of passion and prejudice may have swayed a jury in arriving at their verdict.    As stated in the case of *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592, "A trial judge may observe many things in the conduct of a trial that satisfy him that jurors have been influenced by improper motives and that the verdict returned is founded on passion and prejudice rather than upon law and evidence.    In such a case his duty to set aside a verdict is clear, although he might not do so if satisfied that the verdict was the result of honest judgment."    We do not find from a study of the record that the action of the lower court is so clearly wrong as to demand reversal of the order granting a new trial.

It is also contended that the evidence shows as a matter of law that plaintiff was guilty of contributory negligence.    This issue was submitted to the jury and they found in the negative.    It is contended that in the light of the boy's testimony that he complained to the foreman in the morning of the day and before he was injured that this lifting of the boxes was too hard for him and that the foreman had informed him that he must do it or quit the service, affirmatively shows that he knowingly and voluntarily assumed the chance of injury, and that his continuance in the employment under those circumstances constitutes contributory negligence as matter of law. We are of the opinion that the facts and circumstances relied on to establish this defense do not show that plaintiff by continuing in the employment was guilty of negligence as matter of law, and that the trial court properly submitted this issue to the jury for determination.

*By the Court.*—The order appealed from is affirmed.