FRINGS, Appellant, vs. DONOVAN and another, Respondents.*

*February 5—March 2, 1954.*

* Motion for rehearing denied, without costs, on May 4, 1954.

For the appellant there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the respondents there was a brief by *William A. Cameron* and *Howard W. Cameron,* both of Rice Lake, attorneys, and *Warren E. Winton* of Shell Lake of counsel, and oral argument by *William A. Cameron.*

BROADFOOT, J. The main issue upon the trial was whether the plaintiff fell upon the sidewalk in front of the defendants' hotel property or whether she fell in the street. On this issue the jury found, from an abundance of competent evidence, in favor of the defendants.

At the close of the testimony the plaintiff moved for judgment for the amount of damages proved in court, on the ground that the defendants had not filed an answer prior to the commencement of the trial and had not requested the court at any time to file such answer. This motion was denied. The plaintiff contends that the refusal of the trial court to enter judgment in her favor was error and was in fact an extension of time, which was contrary to sec. 269.45 (2), Stats., in that the defendants served no notice of an application for extending the time to serve an answer and made no showing that the failure was the result of excusable neglect. Originally the motion was based upon the ground that the answer had not been filed. There was no claim that it had not been served. During motions after

verdict a similar motion was made and it was then contended that no answer had been served. There is an answer in the record, filed on May 7, 1953, which was after the trial. No admission or proof of service thereof appears in the record. Upon the latter motion the trial court stated:

"It may be that the defendant had not served the answer upon the plaintiff prior to the time of trial. However, there was a pretrial conference and there was no question as between the parties that the matter was in dispute, and there was no surprise on the part of the plaintiff, and the case had been pending for considerable time. Some six or seven attorneys had been involved on behalf of the plaintiff and the plaintiff was well aware that the defendants denied liability.

"After the case is tried it seems to us it is too late for the plaintiff to claim that the verdict should be set aside because the answer had not been served upon him in due time. If he was going to insist on this position, a formal motion should have been made prior to the time the case went to trial."

Failure to file pleadings is governed by sec. 263.23, Stats. No motion to strike the answer was made under that section. If the failure to serve the answer was the basis of the motion, the court was justified under the circumstances here in ruling as it did. The attorney for the plaintiff noticed the case for trial and the record discloses that said notice of trial was addressed to the defendants' attorney. In proceeding to trial upon the merits, even if no answer had in fact been served, the plaintiff waived the right to a judgment by default. See cases in Anno. 124 A. L. R. 160.

The plaintiff then contends that a new trial should be granted in the interests of justice because of several claimed errors on the part of the court and jury during the trial. Although instructed by the trial court to answer a question as to damages, the jury wrote the word "None" following the damage question in the special verdict. The plaintiff

contends that this is proof that the entire verdict was the result of bias and prejudice on the part of the jury. It is better practice for the trial court to insist that the jury answer the question as to damages. However, its neglect to do so does not constitute reversible error. In the case of *Parmentier v. McGinnis,* 157 Wis. 596, 147 N. W. 1007, the jury, in answer to the damage question in the special verdict, wrote in the words "Not any," and in that case this court said (p. 600):

"Counsel for appellant, however, vigorously attack the verdict of the jury on the ground that the findings returned show that the jury were actuated by passion or prejudice. This contention is based, chiefly, upon the findings to the first and eleventh questions of the special verdict. Whether the death of the plaintiff's son was caused by exhaustion occasioned by the contest is not very material, since the finding of the jury to the second question, namely, that the exhibition was not a fight, is supported by the evidence. The same is true as regards the answer to the eleventh question, because the answer to the second question relieves the defendants from liability, and it is quite obvious that the jury were influenced by the conclusion reached on the second question and the evidence regarding other questions of the special verdict, therefore were not actuated by passion or prejudice. We think, taking the verdict as a whole, it cannot be said that the court below was wrong in finding that the jury were not actuated by passion or prejudice, therefore the appellant's contention under that head cannot be sustained. The trial court, who was in better position than this court to judge respecting the question of passion, prejudice, and fairness of the jury, overruled appellant's contention in that regard, and was of the opinion that the verdict of the jury was the result of honest judgment, and the court below was therefore justified in refusing to set it aside. *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592."

This rule was also followed in the case of *Goelz v. Knoblauch,* 242 Wis. 186, 7 N. W. (2d) 420. When the jury

found by its answer to the first question that the plaintiff did not fall upon the sidewalk in front of the defendants' hotel property all question of liability was removed from the case and this answer was supported by ample, credible evidence. The trial court found that the answer was not the result of bias or prejudice and that the failure to assess damages did not make the verdict perverse. Such determination was not an abuse of judicial discretion.

Other claims of error have been carefully reviewed. No reversible error has been shown and the mere recital that there were a number of errors committed does not permit the granting of a new trial in the interests of justice.

*By the Court.*—Judgment affirmed.