BINSFELD, by Guardian *ad litem,* and another, Appellants, v. CURRAN and another, Respondents.

*February 3—March 3, 1964.*

For the appellants there was a brief and oral argument by *Wayne W. Schlosser* of Sheboygan.

For the respondents there was a brief by *Humke, Poole & Axel* of Sheboygan, and oral argument by *Paul L. Axel.*

HALLOWS, J. The plaintiffs advance the proposition 'Mrs. Curran was negligent as a matter of law because she failed to increase her vigilance when she knew the minor was likely to come into her course of travel. The plaintiffs' argument proceeds on the theory that because a child under the age of seven is conclusively presumed to lack the capacity of being negligent by grace of sec. 328.44, Stats., that therefore a driver must necessarily be negligent if such a child is injured.

The duty of a motor vehicle driver approaching a place where children are present is the subject of an exhaustive annotation in 30 A. L. R. (2d) 5. It is unnecessary to review the Wisconsin cases dealing with a motorist's duty. The rule is simply stated in Wis J I—Civil, Part I, 1045, as:

"Drivers of motor vehicles are chargeable with the knowledge that children of tender years do not possess the traits of mature deliberation, care, and caution of adults. The driver must increase his vigilance if he knows, or in the exercise of ordinary care should know, that children are in, or are likely to come into, his course of travel."

This does not mean a driver of a motor vehicle is under a higher standard or degree of care approaching absolute liability but rather, when children are present or likely to come into his course of travel, he must exert greater effort in respect to lookout, speed, and management and control of his car to fulfil the duty of exercising ordinary care under such circumstances. As in any other case of negligence, the question is for the jury unless the facts are such as to compel a determination as a matter of law.

The facts in the instant case are relatively simple with the not unusual conflicts in the testimony. About 11:30 on the morning of April 9, 1961, the defendant Agnes Curran, aged twenty-three, was driving her husband's car west on

Indiana avenue in the city of Sheboygan, Wisconsin. She was approaching the intersection of South Eleventh street which crosses Indiana avenue in a north and south direction. Along the north side of Indiana avenue and east of the intersection were parked cars; the nearest one to the intersection was approximately three feet, four inches east of the intersection. At the northeast corner of the intersection was located a tavern. The plaintiff, a child of five years, who lived on the south side of Indiana avenue across the street from the tavern, had been sent to the tavern to tell his father to come home; after delivering the message, the boy ran out of the tavern.

When Mrs. Curran was in mid-block approaching the intersection and driving four or five feet from the line of parked cars, she saw the boy coming down the steps of the tavern to the sidewalk and disappear from her sight behind the parked cars. She took her foot off the accelerator and slowed down. At that time or when she was about 100 feet from the intersection her speed was 20 to 25 miles per hour. When her car was about even with the auto parked nearest to the crosswalk she again saw the boy as he began to cross the street. At that time he was in front of the parked car about three feet east of the crosswalk, or the jury could believe so from the conflicting testimony. Mrs. Curran immediately applied her brakes and turned to the left to avoid striking the boy who took three or four steps before being struck by the right front of the defendant's car. Although there were no skid marks, Mrs. Curran brought her car to a stop while its rear was partly in the east crosswalk. Assuming the length of the car to be approximately 16 feet, it was brought to a stop within 25 feet or less after the defendant saw the boy in front of the parked car. Based on the Wisconsin motor vehicle department's manual for motorists this stopping distance would indicate a speed of approximately 12–15 m.p.h.

Some conflict in the evidence exists of how the accident happened. The plaintiffs claim the facts are that the boy was in the crosswalk, took three or four steps in front of Mrs. Curran's car and that she did not see the boy until her car struck him and then she applied her brakes. If the plaintiffs' version were uncontradicted, Mrs. Curran would have been guilty of negligence in respect to lookout as a matter of law, as in *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. (2d) 499, 117 N. W. (2d) 666. But the plaintiffs in the zeal of presenting the facts overlook what they claim are the facts are but their version, which the trial court could not accept as a verity as the conflict in the testimony presented a jury question. How the accident happened and which version of the facts was true was for the jury to decide. It found against the plaintiffs and the verdict was approved by the trial court. In his opinion on motions after verdict the trial judge stated if the jury had found Mrs. Curran negligent he would have probably sustained the verdict although with some doubts and misgivings.

Considering the version as found by the jury, the plaintiffs argue the defendant was still guilty of negligence as a matter of law because she did not apply her brakes when she first saw the plaintiff child coming out of the tavern and did not know what he was going to do. We think the plaintiffs ask too much of a motorist under the circumstances. True, a motorist cannot enter into a guessing contest with a child when it approaches the street with the evident purpose of crossing the street, *Zeise v. Deprey* (1948), 252 Wis. 316, 31 N. W. (2d) 523, but that is not the situation here.

The pinpoint question is whether Mrs. Curran at the time she first saw the boy was under a duty to apply her brakes or to sound her horn or to anticipate the plaintiff child coming out of the tavern was going to run across the street rather than go around the corner or stay on the sidewalk. In our view, Mrs. Curran's conduct did not involve a question of

lookout or speed but of management and control. At that point she was not negligent. She slowed down her car. An autoist is not an insurer of a child's safety but must use ordinary care under the particular circumstances to reasonably avoid any harm to the child, knowing that children do not possess traits of mature deliberation, care, and caution. As Mrs. Curran approached the intersection, her car was slowing down and had reached on our calculations a speed of approximately 12–15 m.p.h. When she next saw the child, which was as soon as it was possible to see him, he was running across the street in front of the parked car. She then applied her brakes and turned to the left to avoid the accident. At that moment she could do no more. We cannot hold as a matter of law or that the jury was wrong in not finding she was negligent.

The plaintiffs contend a new trial should be granted in the interests of justice because of the impatience of the trial judge, his comments, and his mistaken rulings on evidence and on the ground the damages were so low as to evidence passion and prejudice on the part of the jury. We have examined the record and find no basis for the charge of impatience but on the contrary we find an understanding of the problem the plaintiffs were having with one of their witnesses. The rulings complained of were not erroneous. The plaintiffs were improperly cross-examining their own witness.

We agree $800 for pain and suffering was inadequate. The child received a fracture of the left femur, spent forty-five days in the hospital, all but the last week in traction, and spent an additional two months in a wheelchair or on crutches. While no permanent disability resulted, $800 was inadequate for the pain and suffering. It may be, through the eyes of the adult jury, pain to a little child was little pain. But to a child of tender years, pain is just as real and suffering just as acute, perhaps more so, as they are to an adult.

Likewise, one's ability of self-support or his lack of appreciation of the purchasing power of money is not an element in the evaluation of his pain and suffering for the purpose of determining compensation.

Be that as it may, the inadequacy of the jury award was not prejudicial in the sense it evidenced any passion or prejudice of the jury which invaded or permeated its finding of no negligence on the part of Mrs. Curran. Although there may be exceptions based on the facts, the rule generally applied is when the jury finds no negligence on the part of the defendant and there is credible evidence to support that finding, a finding of inadequate damage or no damages to the plaintiff does not necessarily show prejudice or render the verdict perverse. *Sell v. Milwaukee Automobile Ins. Co.* (1962), 17 Wis. (2d) 510, 117 N. W. (2d) 719; *Dickman v. Schaeffer* (1960), 10 Wis. (2d) 610, 103 N. W. (2d) 922. In *Schulze v. Kleeber* (1960), 10 Wis. (2d) 540, 103 N. W. (2d) 560, in discussing this rule, we pointed out a possible exception suggested in *Odya v. Quade* (1958), 4 Wis. (2d) 63, 90 N. W. (2d) 96. Here, there was no denial of damages. Nor is this a case such as *Mainz v. Lund* (1963), 18 Wis. (2d) 633, 119 N. W. (2d) 334, where the inadequacy of the damages was coupled with the finding of no negligence which although supported by credible evidence was against the great weight and the clear preponderance of the evidence.

We find no error in the trial court's denying the plaintiffs' motions after verdict to change the answers in the verdict or for a new trial or any reason why this court should exercise its discretionary power of reversal under sec. 251.09, Stats.

*By the Court.*—Judgment affirmed.