ROBISON, by Guardian *ad litem,* and another, Appellants, v. BORKENHAGEN and another, Respondents.

*October 2—October 27, 1964.*

For the appellants there was a brief by *Antaramian & Antaramian* and *Richard B. Antaramian,* attorneys, and *Mittelstaed, Heide, Sheldon & Hartley* and *W. A. Sheldon* of counsel, all of Kenosha, and oral argument by *W. A. Sheldon.*

For the respondents there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil.*

CURRIE, C. J.    Appellant plaintiffs contend that defendant driver was guilty of negligence with respect to lookout as a matter of law. No other issue is raised by them except the

subsidiary one of this court's taking judicial notice of the width of the street from curb to curb on which the accident occurred.

The street on which the accident occurred is a comparatively narrow street and at the time there were automobiles parked on both the east and west sides of it. A police officer testified that when cars are thus parked on both sides of the street the operator of an automobile traveling the street must have part of the vehicle across the center line. There was no testimony presented as to the width of this street from curb to curb, but appellants request that we take judicial notice that such width is 27 feet. In order to do so this court would be required to take notice of a plat recorded in the office of the register of deeds of Kenosha county.

We are of the opinion that judicial notice should not be taken of facts which are not capable of immediate and accurate determination by resort to easily accessible sources of information. See Uniform Rules of Evidence, rule 9 (2) (d); Model Code of Evidence, rule 802 (c) (1942); McCormick, Evidence (hornbook series), p. 691, sec. 325. While records in any of the state offices in Madison are readily accessible to this court, this is not true of records in the courthouse at Kenosha.[1] Therefore, we exercise our discretion to decline to take judicial notice of the width of the street in question. Furthermore, in passing on the correctness of the jury's finding that defendant was not negligent with respect to lookout, we must confine our review to the actual evidence adduced before the jury.

Defendant was the only eyewitness to the actual impact between her car and plaintiff child. The testimony of defendant that at and immediately prior to the accident she was

---

[1] If the request to take judicial notice of the width of the street had been made to the trial court, the objection would not lie that the plat records showing such width were not readily accessible inasmuch as they were situated in the same municipality in which the trial was being conducted.

driving at a speed of ten miles per hour is undisputed. There is no evidence that she could have seen plaintiff child sooner than she did. Since the street was so narrow that when cars were parked on both sides another car had to drive over an imaginary center line to avoid hitting the parked cars, the jury could assume that there were only several feet on each side of defendant's car at the time of the accident. At the trial defendant was called adversely and testified:

"*Q.* Did you see this child, John Robison, at any time before the impact? *A.* I saw him run out two (2) feet in front of me. I saw him dart out to my bumper.

"*Q.* When you say two (2) feet in front of you you mean he was two (2) feet from the front end of your car? *A.* I mean that he was running from behind a parked automobile when I was two (2) feet from the parked automobile."

There was no other testimony which might tend to show that defendant could have seen the child sooner.

Defendant further testified that as soon as she saw the child she slammed on her brakes and brought her car to a stop. She first stated she could not estimate the distance in which she thus brought her car to a stop after first seeing plaintiff but when pressed estimated this distance at three feet. In any event, after the car stopped the child was lying on the pavement next to the car's left fender no more than a foot and a half away. While neither defendant's speed nor management and control are at issue here, this evidence tends to corroborate defendant's version that she saw plaintiff as soon as the child emerged from behind the car parked on the east side of the street.

In *Binsfeld v. Curran* (1964), 22 Wis. (2d) 610, 612, 126 N. W. (2d) 509, which also involved a car striking a child pedestrian, this court stated, "As in any other case of negligence, the question is for the jury unless the facts are such as to compel a determination as a matter of law." We

deem the facts of the instant case are not such as to compel a determination that defendant was negligent as a matter of law with respect to lookout.

Appellants place much reliance on our holding in *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. (2d) 499, 117 N. W. (2d) 666, that defendant driver there was guilty of negligent lookout as a matter of law. The facts in that case are readily distinguishable from those here presented. There defendant driver was looking straight ahead while driving down a wide street in a business district and did not see a five-year-old child until the child was directly in the driver's path. While there were cars parked along the curb to his right from between which the child emerged, the evidence disclosed that the child had traveled a distance of seven to 10 feet before the driver saw him. It was held that a motorist in traffic in a business district does not fulfil his duty of lookout by looking straight ahead.

Appellants further stress testimony given by a neighbor that prior to the accident there had been children "playing in the street, back and forth." Defendant denied having seen any children in the street from the time she turned the corner and entered Fifteenth avenue. However, even if defendant had seen children darting into the street prior to seeing plaintiff, we still consider a jury issue was presented with respect to defendant's lookout.

*By the Court.*—Judgment affirmed.