BURANT (ANTHONY), Plaintiff, and BURANT (MARK), by Guardian *ad litem,* Plaintiff and Appellant, v. ORTLOFF and another, Defendants and Respondents.

*No. 21.   Argued February 1, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 84.)

For the appellants there was a brief by *Foley, Capwell, Foley & Seehawer,* and oral argument by *Gilbert J. Berthelsen,* all of Racine.

For the respondents there was a brief by *Whaley & Whaley* of Racine, and oral argument by *John V. Whaley.*

CONNOR T. HANSEN, J. The accident occurred at approximately 2:30 p. m. on July 29, 1966, near the intersection of Blake Avenue and High Street in Racine, Wisconsin. The plaintiff, Mark Anthony Burant, then three years of age, was struck by an automobile driven by the defendant, Jerome Alfred Ortloff. Blake Avenue

and High Street meet in a T-intersection, Blake Avenue extending north of High Street. The defendant was traveling in a westerly direction on High Street and struck the plaintiff approximately 25 feet to the east of the crosswalk at the corner of Blake Avenue and High Street.

The action was instituted by the plaintiff, Mark Anthony Burant, through his guardian *ad litem*, and by his father, Anthony Burant. The complaint alleged the defendant was negligent as to speed, lookout, management and control, and failure to yield the right-of-way. At the pretrial conference the responsive pleading of the defendant was amended to include a counterclaim for contribution against the plaintiff, Anthony Burant, for his alleged negligence in failing to supervise the activities of his son. The trial was held on September 20, 1969. The jury found the father, Anthony Burant, causally negligent and the defendant free of negligence.

Two issues are raised on appeal:

(1) Was the defendant negligent as to lookout and speed as a matter of law?

(2) Did the trial court err in permitting the defendants to amend their answer to include a counterclaim against the plaintiff's father?

*Was the defendant negligent as a matter of law?*

The defendant testified that on July 29, 1966, he left his place of employment at approximately 2:24 p. m. His car was parked on the south side of High Street facing east and about two blocks from the Blake Avenue intersection. After turning his vehicle around, he proceeded in a westerly direction on High Street. He stopped at the intersection of High and Forest Streets, one block east of the Blake-High intersection. After passing through the intersection, he increased his speed to approximately

25 miles per hour. At about mid-block, he observed two small boys crossing High Street from north to south, approximately 30–40 feet east of the crosswalk at the corner of Blake and High Streets. He decreased his speed to about 20 miles per hour. The boys were nearly across the street when he first saw them and he observed them as they completed crossing the street. He then increased his speed to 23–25 miles per hour. The plaintiff then ran into High Street from in front of a car parked on the north side of High Street. The car was parked about 25 feet east of the crosswalk. The defendant testified that he first observed the plaintiff when he was about six or seven feet ahead of him. He slammed on his brakes but was unable to avoid hitting the boy. Defendant testified that the point of impact was approximately 30 feet east of the intersection; and that the impact carried the boy to approximately the center of the Blake-High intersection. There were no other witnesses to the accident.

Defendant's car stopped with the front of the car approximately even with the edge of the east curbline of Blake Avenue. Thirty-six feet of skid marks were measured from the rear wheels of the defendant's vehicle. The right skid mark was 12 feet 5 inches from the north side of High Street. High Street is 36 feet in width, and is level and straight in the vicinity of the accident.

The plaintiff contends that the defendant was negligent as to lookout and speed as a matter of law. This court has held that a motorist must exercise increased vigilance with respect to lookout and speed where he knows or should know children are present. *Burke v. National Farmers Union Property & Casualty Co.* (1967), 36 Wis. 2d 427, 153 N. W. 2d 545. In *Binsfeld v. Curran* (1964), 22 Wis. 2d 610, 126 N. W. 2d 509, the defendant motorist observed the child some 100 feet from the site of the accident, descending some steps and approaching the street, prior to the time the child appeared in the street

from behind the parked car. This court held that the defendant was not charged with knowledge that the child would enter the street.

". . . The plaintiffs advance the proposition Mrs. Curran was negligent as a matter of law because she failed to increase her vigilance when she knew the minor was likely to come into her course of travel. . . .

". . . The rule is simply stated in Wis J I—Civil, Part I, 1045, as:

" 'Drivers of motor vehicles are chargeable with the knowledge that children of tender years do not possess the traits of mature deliberation, care, and caution of adults. The driver must increase his vigilance if he knows, or in the exercise of ordinary care should know, that children are in, or are likely to come into, his course of travel.'

"This does not mean a driver of a motor vehicle is under a higher standard or degree of care approaching absolute liability but rather, when children are present or likely to come into his course of travel, he must exert greater effort in respect to lookout, speed, and management and control of his car to fulfill the duty of exercising ordinary care under such circumstances. As in any other case of negligence, the question is for the jury unless the facts are such as to compel a determination as a matter of law." *Binsfeld v. Curran, supra,* page 612.

In this case there was an athletic field on the south side of High Street. The defendant, however, testified that there were not many children in the area at the time of day the accident occurred. Defendant also testified that after seeing the first two boys cross the street they did not look or call back to indicate the presence of other children, and that although he was watching for other children he did not see the plaintiff until he appeared from behind the parked car.

The plaintiff relies upon the decisions of this court in *Lisowski v. Milwaukee Automobile Mut. Ins. Co.* (1962), 17 Wis. 2d 499, 117 N. W. 2d 666; and *Burke v. National Farmers Union Property & Casualty Co., supra,* wherein

the defendant motorists were found negligent as to lookout for their failure to observe a child crossing the street. However, in each of those cases the driver admittedly did not observe the child before the child had been struck. In this case, the defendant testified that he observed the child appear from behind a parked car about six or seven feet in front of him, but was unable to avoid hitting the child. There was credible evidence to place the point of impact 30 feet from the intersection. The defendant's car was stopped at the intersection and 36 feet of skid marks extended from the rear wheels. Thus, allowing for reaction time, there was credible evidence that the defendant observed the child prior to the accident and shortly after he appeared from behind the parked car. On the facts of this case, whether the defendant was negligent as to lookout was a question of fact for the jury, and there is credible evidence to support the verdict of the jury.

The plaintiff also contends that the defendant was negligent as to speed as a matter of law because he admittedly increased his speed after seeing the first two boys cross the street. We do not agree. It is the plaintiff's position that in increasing his speed the defendant disregarded the danger inherent in the presence of other children.

Sec. 346.57, Stats., provides in part:

"(2) . . . No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. . . .

"(3) . . . The operator of every vehicle shall, consistent with the requirements of sub. (2), drive at an appropriate reduced speed when approaching and crossing an intersection . . . when passing school children, . . . or other pedestrians . . . ."

When the defendant first saw the two boys who crossed the street prior to the accident, they were about four

feet from the south curbline. He testified that he slowed down until they had completed crossing the street and then increased his speed to 23–25 miles per hour. At that time, the first two boys had completed crossing the street and were walking in a westerly direction. As previously stated, the defendant was not alerted to the presence of other children by seeing the two boys cross the street.

The plaintiff also contends that the defendant was negligent in not reducing his speed while approaching an intersection. However, the jury could have believed that the defendant was traveling at 23 miles per hour prior to the accident. Allowing for the length of the car, the 36 feet of skid marks extending from the rear wheels would indicate the defendant was over 40 feet from the intersection when he first applied his brakes to avoid hitting the child. Whether he would have decreased his speed still further in approaching and crossing the intersection is uncertain. On the evidence, there is nothing to show he was negligent, as a matter of law, in failing to decrease his speed in approaching the intersection.

### Contribution.

Appellant contends that the trial court erred in permitting respondents to amend their pleadings in order to maintain a counterclaim against Anthony Burant, the father of the child, for contribution. We conclude that the trial court did not err in permitting the amendment to the responsive pleadings.

However, we do not reach the question of whether Mr. Burant was negligent because he would be liable for contribution only in the event the defendant was found negligent. The jury found the defendant free from negligence. The answer to this question completely determines the liability of the defendant. Therefore, the answer of the jury to the question in the special verdict as to the

negligence of the father was properly considered by the trial court to be immaterial surplusage and not prejudicial to the cause of the plaintiff. *Mackowski v. Milwaukee Automobile Mut. Ins. Co.* (1957), 275 Wis. 545, 82 N. W. 2d 906; *Dahl v. K-Mart* (1970), 46 Wis. 2d 605, 609, 610, 176 N. W. 2d 342.

We find no prejudicial error in the trial of this case.

*By the Court.*—Judgment affirmed.