LINES, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*November 18—December 5, 1911.*

*Trial: Perverse verdict: Inadequacy of damages: Setting aside verdict: Review on appeal: Costs.*

1. Where plaintiff's wrist was broken, causing much pain and probably impairing the use of his arm permanently, and he incurred obligations to the extent of $46 for medical treatment, etc., an award of $55.33 as damages was so inadequate as to justify the trial court in holding the verdict perverse.

2. Where the answer to one question in a special verdict indicates that the jury were actuated by passion and prejudice in returning such answer, it is the duty of the trial court to set aside the verdict, unless satisfied that the passion and prejudice affected only that particular question.

3. An order setting aside a verdict as perverse will not be reversed on appeal unless clearly wrong.

4. Where a verdict is set aside as perverse, the costs of the trial should not be charged against the moving party but may, in the discretion of the trial court, be ordered to abide the event of the second trial.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*Daniel W. Hoan,* city attorney, and *W. H. Timlin, Jr.,* special assistant city attorney, for the appellant.

For the respondent there was a brief by *Lawrence A. Olwell,* and oral argument by *Rossiter Lines,* in person.

BARNES, J.    This action is brought to recover damages for an injury sustained by reason of falling on an alleged defective crosswalk at the intersection of Grand avenue and Fifteenth street in the city of *Milwaukee.* The jury found the defendant was not negligent and that plaintiff was guilty of contributory negligence. Apparently to emphasize the answers returned, the jury stated that they unanimously agreed on such answers. They further found that the plaintiff

sustained damages by reason of his injury in the sum of $55.33. The court set the verdict aside because satisfied "that the jury was grossly prejudiced and that its verdict is perverse." Defendant appeals from this order.

The undisputed evidence is that the radius of the left wrist was fractured; that plaintiff was obliged to keep his arm in splints for about two months and that he suffered pain continuously during that time, as well as considerable pain thereafter, and that the use of the left arm was materially impaired at the time of the trial. There was medical testimony to the effect that it was reasonably certain that there would be some permanent impairment of the use of the arm. The evidence fairly shows that the plaintiff incurred obligations to the extent of $46 for X-ray treatment, medical attendance, and medicines, although some technical objections are made to its sufficiency. It would thus appear that the jury allowed the plaintiff $9.33 for the pain and suffering which he endured from a broken wrist and for such impairment of the use of his arm as he sustained. The inadequacy of the damages awarded would seem to be sufficient to justify the court in saying that the verdict was perverse and to warrant it, in the exercise of sound discretion, in setting the same aside for that reason. *Whitney v. Milwaukee,* 65 Wis. 409, 27 N. W. 39; *Gillen v. M., St. P. & S. S. M. R. Co.* 91 Wis. 633, 65 N. W. 373. Indeed, where the answer to one question in a special verdict indicates that the jury were actuated by passion and prejudice in returning such answer, it is the duty of the court to set the verdict aside, unless satisfied that the passion and prejudice affected only that particular question. "If it appears that the elements of passion and prejudice may have entered into, and probably did affect, the decision of other questions in the case, the court's duty is to grant a new trial absolutely." *McNamara v. McNamara,* 108 Wis. 613, 619, 84 N. W. 901. If the assessment of damages in this case did not establish the perversity of the verdict, we should hesitate to disturb the con-

clusion reached by the court in this regard. A trial judge may observe many things in the conduct of a trial that satisfy him that jurors have been influenced by improper motives and that the verdict returned is founded on passion and prejudice rather than upon law and evidence. In such a case his duty to set aside a verdict is clear, although he might not do so if satisfied that the verdict was the result of honest judgment.

It is argued by the appellant, however, that the order appealed from is erroneous for the reason that the court should have directed a verdict for the defendant, because there was no evidence produced which would warrant a jury in holding the defendant negligent, and because the plaintiff was guilty of contributory negligence as a matter of law. If either of these contentions is correct, then any prejudice the jury might have had could not injuriously affect the plaintiff. We have read the evidence carefully. We are satisfied that it was ample to warrant a finding favorable to the plaintiff on both questions, and as there must be another trial of the action we deem it best to refrain from discussing it.

It is further argued that the court erred in ordering that the costs of the first trial should abide the event of the next one. It has been frequently held that, where a verdict is set aside on the ground of perverseness, the costs of the trial should not be charged against the moving party. *Pound v. Roan,* 45 Wis. 129; *Becker v. Holm,* 100 Wis. 281, 75 N. W. 999; *Schweickhart v. Stuewe,* 75 Wis. 157, 43 N. W. 722; *R. Connor Co. v. Goodwillie,* 120 Wis. 603, 606, 98 N. W. 928. We think it was within the discretion of the court to make the order which it did in reference to costs, and that there was no error committed against the appellant in this regard.

*By the Court.*—Order affirmed.

TIMLIN, J., took no part.