OLSEN, Appellant, vs. BROWN, Respondent.

*January 16—February 10, 1925.*

*New trial: Perverse verdict: Inadequate damages: Automobiles: Law of the road: Contributory negligence: Question for jury.*

1. In an action to recover for personal injuries, where the evidence showed that plaintiff was confined to a hospital for seven months, and his medical and hospital bill together with loss of wages was in excess of $3,000, a verdict for plaintiff for $471.75, contrary to the instructions of the court, and not including the undisputed loss, or compensation for pain and suffering, shows that the action of the jury was perverse and that they were actuated by prejudice and passion requiring a reversal and the award of a new trial. p. 182.

2. The evidence as to defendant's negligence being conflicting, the action of the trial court in finding that the answer of the jury to a question in the special verdict finding defendant guilty of negligence was not sustained by the evidence, and acquitting the defendant of negligence as a matter of law, was error. p. 183.

3. Where the finding of the jury as to damages was inadequate and perverse, such perverseness will be held also to extend to a special finding as to contributory negligence, and the case will be remanded for a new trial as a whole. p. 183.

APPEAL from a judgment of the circuit court for Waukesha county: C. M. DAVISON, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Brennan, Lucas & O'Day* of Milwaukee, and oral argument by *Martin J. Brennan.*

*W. T. Sullivan* of Milwaukee, for the respondent.

DOERFLER, J.    The action is one for personal injuries. The defendant operated a Ford car north on Seventy-third avenue in the city of West Allis at a speed of about fourteen miles per hour, and, intending to turn his car in the opposite direction in the middle of a block, reduced his speed and then steered the car to the west, and when he was either making the turn or had substantially completed the same, the plaintiff, who was operating a motorcycle south on Seventy-third avenue, either came in contact with the front right fender of defendant's car or with the west curb of the street, which resulted in his being violently thrown against a building adjoining the west line of said street, with such force as to cause severe personal injuries, resulting in a double fracture of the tibia.    Plaintiff was confined in a hospital for a period of about seven months, and his medical and hospital bills, together with his loss of wages, amounted to a sum in excess of $3,000.

Plaintiff testified that prior to the accident his motorcycle was operated at a speed of between ten and eleven miles per hour, and the defendant testified that the speed was be-

tween twenty-five and thirty miles per hour.   The defendant testified that when he first saw the motorcycle it was about 600 feet distant from him; that at that time he could not estimate its speed; that he extended his hand, indicating that he intended to make the turn in the street, and that he continued to hold out his hand until shortly before he attempted to make the turn; that the turn was a gradual one, and that the course he pursued formed a semicircle; that he had practically completed the turn so that his car was facing south at the time of the accident; that plaintiff's motorcycle did not come in contact with his car, but came in contact, in the rear of his car, with the west curb of the street; and that its speed at the time of the accident was so great as to cause plaintiff to be thrown from his motorcycle across the sidewalk and against a building standing on the lot line, so as to produce the severe injuries complained of.   On the other hand, plaintiff's testimony is that he was proceeding at a moderate rate of speed of between ten and eleven miles per hour; that the defendant's car at the time of the accident was facing west and had not yet crossed the west curb, but that it was so located as to leave an inadequate space between the front of the car and the curb to permit him to pass.   Two witnesses on behalf of the plaintiff testified that the defendant made a sudden and sharp turn.

In answering the questions of the special verdict the jury found that the defendant while making the turn was driving at a speed of five miles per hour; that he was not guilty of any want of ordinary care as to the speed of his automobile while he was making the turn; that he gave the proper signal before he started to make the turn; that he failed to exercise ordinary care in operating and managing his automobile at and just previous to the time of the accident; that such failure on the part of the defendant was the proximate cause of plaintiff's injuries; that the plaintiff drove his motor- · cycle, at the time defendant started to make the turn, at a rate of between twenty-five and thirty miles per hour; that

there was no actual contact between the automobile and the motorcycle; that the want of ordinary care on plaintiff's part in managing and operating his motorcycle at and prior to the accident contributed proximately to produce his injuries: that the sum of $471.75 will reasonably compensate the plaintiff for the injuries he has sustained.

The loss of wages, together with the medical and hospital bills, exceeded $3,000. Not only did the jury, in direct defiance of the instructions of the court, refuse to compensate the plaintiff by way of damages for the actual and undisputed loss incurred, but also failed to take into consideration other essential elements, such as pain and suffering, inconvenience, etc. The answer of the jury, therefore, on the damage question is perverse, and leaves no other impression upon the judicial mind than that the jury was actuated by prejudice and passion. Few instances appear in the reported cases of such a perversion of justice. In the case of *Lines v. Milwaukee,* 147 Wis. 546, 133 N. W. 592, the plaintiff sustained a fracture of the radius of his left wrist. His arm was bound in splints for a period of about two months, and he suffered considerable pain. The medical expenses amounted to $46, and the jury allowed damages in the sum of $55.33, which left $9.33 for pain and suffering and for impairment of the use of the arm. In that case the court held that "The inadequacy of the damages awarded would seem to be sufficient to justify the court in saying that the verdict was perverse and to warrant it, in the exercise of sound discretion, in setting the same aside for that reason. *Whitney v. Milwaukee,* 65 Wis. 409, 27 N. W. 39; *Gillen v. M., St. P. & S. S. M. R. Co.* 91 Wis. 633, 65 N. W. 373." In *McNamara v. McNamara,* 108 Wis. 613, 619, 84 N. W. 901, it was held: "If it appears that the elements of passion and prejudice may have entered into, and probably did affect, the decision of other questions in the case, the court's duty is to grant a new trial absolutely."

In the *Lines Case, supra,* the jury awarded an amount which covered the medical bill, and also took into consideration the element of pain and suffering, but the amount awarded therefor was so grossly inadequate that the trial court found the verdict perverse and that the jury were actuated by passion and prejudice. In the instant case the trial court found that the answer of the jury in which they found the defendant guilty of negligence was not sustained by the evidence, and it acquitted the defendant of negligence as a matter of law. In so doing the trial court clearly committed error. Under the evidence in the case, the question of the defendant's negligence was one for the jury.

It is conceded by counsel on both sides that the question of plaintiff's contributory negligence was one for the jury, under the evidence. There was a direct conflict as to the speed of the motorcycle prior to the accident. Whether the defendant made a gradual turn or a sharp turn, and whether he properly signaled his intention to make the turn, are matters which the jury should have considered in connection with the question of plaintiff's negligence. On these questions there was also a sharp and direct conflict in the evidence. It therefore cannot be said that the plaintiff was guilty of negligence as a matter of law; on the contrary, it may be said that reasonable men might come to opposite conclusions upon the subject; in other words, the evidence was fairly reasonably balanced. Under such circumstances, we cannot say that the perverseness of the jury as manifested by its answer on the subject of damages did not extend to the determination of the question involving plaintiff's negligence. We are therefore constrained to reverse the judgment and direct that a new trial be awarded.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.