MURPHY, by guardian *ad litem,* Appellant, vs. LACHMUND
LUMBER & COAL COMPANY, Respondent.
MURPHY, Appellant, vs. SAME, Respondent.

*October 12—November 8, 1927.*

*Appeal: Perversity of verdict: When new trial granted: Auto-
mobiles: Boy struck in highway: Contributory negligence:
Question for jury.*

1. Where plaintiff sustained serious injuries which caused severe pain and confined him to his bed and to the house for several weeks, an award of one dollar as compensation is evidence of perversity on the part of the jury requiring a new trial, where it cannot be said that the finding of plaintiff's contributory negligence is so thoroughly supported by the evidence as to remove any doubt as to the perversity of the jury on this question. p. 121.

2. In order that a verdict be perverse it is not necessary that the jury have acted dishonestly or from improper motives; it is

sufficient that they have disregarded the judge's instructions and rendered a verdict clearly contrary to the evidence. p. 122.

3. In an action for injuries to a boy struck by a truck while passing around a car parked on the side of a highway, the evidence is *held* to raise an issue for the jury as to the boy's contributory negligence. p. 122.

APPEAL from a judgment of the circuit court for Sauk county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

Two actions were begun by *Merton Murphy* and *D. E. Murphy,* his father, to recover damages resulting from personal injuries sustained by *Merton Murphy* when he was struck by a truck belonging to the *Lachmund Lumber & Coal Company.* From a judgment for the defendant in each case the plaintiff appeals.

*Merton Murphy,* a boy twelve years of age, was riding with his father in a Ford car proceeding in a northerly direction on a state trunk highway. The car was stopped on the right-hand side of the road and entirely off the macadam portion of the highway that was customarily used for travel, at a place where the occupants of the car could see the road to the north for a distance of between four and five hundred feet. The boy testified that he looked to the north before and again immediately after he got out of the automobile on its right-hand side, and that he saw no vehicle approaching from the north. He then passed to the rear of his father's car, first looking to the south to see if any car was approaching on the side of the road on which his father's car was parked, and that, as he then looked to the north and while his hand was still on the fender of his father's car, he was hit by the defendant's truck, which was going south on its left-hand side of the road.

The jury found that the defendant's driver failed to exercise ordinary care; that such failure was the proximate cause of the injury; that the boy was guilty of contributory negligence, and assessed his damages at one dollar. The jury also found that the father was not guilty of contribu-.

tory negligence, and assessed his damages at $400. Upon this verdict the court entered judgment in favor of the defendant in both actions.

For the appellants there was a brief by *Olin & Butler,* and oral argument by *C. G. Mathys,* all of Madison.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

STEVENS, J.  The proof establishes without conflict that *Merton Murphy* sustained serious injuries which caused severe pain and confined him to his bed and to the house for several weeks.  The assessment of one dollar as compensation for his injuries and for the pain and suffering sustained is so totally inadequate as to shock the sense of any fair-minded man.  Under repeated decisions of this court such a grossly inadequate assessment of damages is evidence of perversity on the part of the jury which will lead to setting aside the verdict and granting a new trial, unless it can be said that the finding that the plaintiff was guilty of contributory negligence "is so thoroughly supported by the evidence" that there is no room to believe that the verdict of the jury upon the question of his negligence was perverse.  *Siegl v. Watson,* 181 Wis. 619, 628, 195 N. W. 867.

The court is satisfied that it cannot be said that a finding that a boy twelve years of age is guilty of contributory negligence is thoroughly supported by the evidence in this case.  In measuring the care exercised by the boy we must keep in mind the fact that he had a right to rely upon the defendant's truck being on its right side of the road, rather than upon the opposite side where his father's car was parked, in the absence of something to put him on his guard as to the approach of defendant's truck.

When the jurors first rendered their verdict they failed to assess any damages in the action in which the boy was

plaintiff, but left the answer to that question blank. When they were directed to follow the instructions of the court and complete their verdict they evidenced their perverseness and determination not to follow the instructions of the court by inserting one dollar as their answer.

In order that a verdict be perverse it is not necessary that the jury should have acted dishonestly or from improper motives.    It is sufficient that they have disregarded the judge's instructions and rendered a verdict which is clearly contrary to the evidence upon this question of damages. Where the answer to one material question shows that the jury made the answer perversely, "the court may well set the entire verdict aside, and indeed should do so unless satisfied that the answers to the other questions were not affected by such perversity, passion, or prejudice." *State Journal P. Co. v. Madison,* 148 Wis. 396, 403, 134 N. W. 909; *Lines v. Milwaukee,* 147 Wis. 546, 547, 133 N. W. 592.

Respondent contends that the testimony of other witnesses called by the plaintiff sustains the finding as to contributory negligence.    The most that can be said is that this proof raises an issue which the plaintiff is entitled to have determined by a fair and impartial jury.    This proof when considered in connection with the testimony of *Merton Murphy* does not so thoroughly support the finding of contributory negligence that the court can say "that the perverseness of the jury as manifested by its answer on the subject of damages did not extend to the determination of the question involving plaintiff's negligence.    We are therefore constrained to reverse the judgment and direct that a new trial be awarded." *Olsen v. Brown,* 186 Wis. 179, 183, 202 N. W. 167.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.