GRAMMOLL, Respondent, vs. LAST and another, Appellants. .

*June 3—June 24, 1935.*

622

For the appellants there was a brief by *Ray C. Dempsey* of Oshkosh and *Rouiller & Dougherty* of Milwaukee, attorneys, and *Robert E. Tehan* of Milwaukee of counsel, and oral argument by *Mr. Tehan*.

*Charles H. Gorman* of Milwaukee, for the respondent.

MARTIN, J. The record discloses that this case was submitted to the jury at 12:35 p. m. and at 4:22 p. m. the jury returned to the courtroom with a completed verdict. That is, after deliberating for the time indicated, the jury had made answer to each question of the special verdict. In the verdict as then returned, the jury in its answer to question No. 4 had assessed plaintiff's damages in the sum of $6,000. In its answer to question No. 8 the jury had found that the defendant's negligence was greater than the plaintiff's negligence, and as to question No. 9, which dealt with the amount of damages sustained by the plaintiff as a result of and by the acts of his own negligence which proximately contributed to his own personal injury, the jury had answered $6,000. After the court had examined the verdict so returned, the record discloses the following discussion between the court and the jury:

"The court: You haven't answered the 9th question, you had better go back to the juryroom and finish up the verdict.

"The court: I want to ask the foreman a question. In number 5 under subdivision (b), 'Did the said plaintiff, Louis Grammoll, fail to stop his said automobile when he approached the intersection in question?' The answer is 'No' ten; 'Yes' two.

"The foreman: Two thought he failed to stop before he got too far back.

"The court: Then your answer to that would be that ten voted 'No' on that.

"Foreman: Yes, that he didn't fail to stop. Did he fail to stop and 10 voted 'No,' as I understand it, that he did not fail to stop.

"The court: The question No. 8 which reads, 'Was the negligence attributable to Gilbert Rhyner greater than that of the plaintiff, Louis Grammoll?' Eleven answered 'Yes' and one 'No,' is that right?

"Foreman: Yes.

"The court: Now then you have the amounts of damages just the same, $6,000. In number nine the damages you found there was to be offset and deducted from the damage you found in the first place, you understand that, do you. The damages you find in question nine are to be deducted from those you find at question number four, did you understand that?

"Foreman: No, we didn't.

"The court: Well, it says so. That is the damages that he is responsible for himself by his own acts.

"Foreman: We didn't understand that. I didn't know that.

"The court: Did you understand that question No. nine?

"A juror: Not the way you put it, we didn't understand it.

"The court: It says so here, it says that it was contributed by his own acts.

"Foreman: I understood as long as he got into it he didn't receive any compensation, the truck driver, but Mr. Grammoll was entitled to $6,000, that is the finding.

"The court: But he is responsible for his own acts and you have to deduct whatever negligence is attributable to his own acts. I think you had better go back with that understanding and answer that question so it will be answered accordingly. Whatever damages you find under question 9 are the damages that are to be deducted from the damages you find under question 4, because he was negligent and he is responsible for his own acts. What he is responsible for has to be deducted from his damages and the jury must find that amount.

"Foreman: I don't really understand it yet that this is what he is responsible for.

"The court: Question No. 9 goes to his own acts. He was guilty of negligence and he must bear the burden of his own negligence. Whatever that is that has to be deducted from this other because he is negligent too. Now do you understand?

"The foreman: Yes.

"The court: You had better try and fix that?

"The foreman: Does the rest of the jury understand that, and they intimate that they do."

The jury retired and in a few minutes again returned its verdict wherein they had changed their answer to the fourth question of the special verdict from $6,000 to $7,000, and had changed their answer to the ninth question of the verdict from $6,000 to $1,000. Thereupon the verdict was received and the jury discharged from further consideration of the case. Upon motions after verdict the court changed the answers from "Yes" to "No" of subdivision (d) of questions 1, 2, and 3.

Question No. 1 reads:

"Did Gilbert Rhyner, just prior to the collision on May 26, 1932, at the place in question fail to exercise that degree of care usually and ordinarily exercised by persons of ordinary care and prudence in operating an automobile under the same or similar circumstances at the time and place in question, having due regard to the width, surface, traffic and the use of the highway and the usual and general rules of the road in any of the following particulars:"

Subdivision (d) of this question reads:

"(d) Did he fail to exercise ordinary care in yielding the right of way to the plaintiff?"

Question No. 2 reads:

"If you answer all of subdivisions (a), (b), (c) and (d) of question No. 1 'No' you need not answer this question. If you answer any or all of the subdivisions of question No. 1 'Yes,' then answer this question, number two:

" 'Was the injury which Louis Grammoll sustained a natural and probable result of such want of ordinary care on the part of Gilbert Rhyner in any of the following particulars:' "

Subdivision (d) of this question reads:

"(d) In failing to exercise ordinary care in yielding the right of way to the plaintiff?"

Question No. 3 reads:

"If you answer all of subdivisions (a), (b), (c) and (d) of question No. 2 'No' you need not answer question No. 3. If you answer any or all of the subdivisions (a), (b), (c) and (d) of question No. 2 'Yes,' then answer question No. three:

" 'Ought the said Gilbert Rhyner, as a person of ordinary intelligence and prudence reasonably to have foreseen that injury to a traveler upon the highway at the time and place in question might probably follow from such want of ordinary care on his part as to the following particulars:' "

Subdivision (d) of this question reads:

"(d) In failing to exercise ordinary care in yielding the right of way to the plaintiff?"

The court also changed the answers to subdivision (b) of questions 5 and 6 from "No" to "Yes."

Question No. 5 reads:

"Did the said plaintiff, Louis Grammoll, just prior to the collision on May 26, 1932, at the place in question fail to exercise that degree of care usually and ordinarily exercised by persons of ordinary care and prudence in operating his automobile under the same or similar circumstances, having regard to the width, surface, traffic and use of the highway and the usual and general rules of the road, at the time and place in question in any of the following particulars:"

Subdivision (b) reads:

"(b) Did the said plaintiff, Louis Grammoll, fail to stop his said automobile when he approached the intersection in question?"

Question No. 6 reads:

"If you answer all of subdivisions (a), (b), (c) and (d) of question No. 5 'No,' you need not answer question No. 6. If you answer all or any of subdivisions (a), (b), (c) and (d) of question No. 5 'Yes,' then answer question No. 6:

" 'Was the injury Louis Grammoll sustained the natural and probable result of such want of ordinary care on the part

of the said Louis Grammoll in any of the following particulars :' "

Subdivision (b) reads:

"(b) In said plaintiff, Louis Grammoll, failing to stop his said automobile when he approached the intersection in question ?"

Question No. 7 reads:

"If you answer all of subdivisions (a), (b), (c) and (d) of question No. 6 'No,' you need not answer question No. 7. If you answer all or any of subdivisions (a), (b), (c) and (d) of question No. 6 'Yes,' then answer question No. 7:

" 'Ought the said Louis Grammoll as a person of ordinary intelligence and prudence reasonably to have foreseen that injury to himself or to a traveler upon the highway at the time and place in question may probably follow from such want of ordinary care on his part as to any of the following particulars :'

"(a) In said plaintiff, Louis Grammoll, failing to exercise ordinary care in operating, managing and controlling his said automobile so as to have said automobile under proper control ?

"Answer : Yes.

"(b) In said plaintiff, Louis Grammoll, failing to stop his said automobile when he approached the intersection in question ?

"Answer : Yes.

"(c) In said plaintiff, Louis Grammoll, failing to exercise ordinary care in entering and crossing the said intersection in question ?

"Answer : Yes.

"(d) In said plaintiff, Louis Grammoll, failing to exercise ordinary care in keeping a proper lookout for other users of the highway ?

"Answer : Yes."

Appellants' assignments of error are: (1) It was error for the court to refuse to grant a new trial to the defendants, where the verdict was perverse and so found by the court;

(2) it was error for the court to attempt to cure the verdict; (3) it was error to allow the plaintiff the option of taking $3,500 or a new trial; (4) it was error to submit question No. 9 in the form and with the instructions given; (5) it was error to insert the question as to plaintiff's damage in the middle of the verdict.

That the verdict is perverse is obvious. When it was first returned to the court the plaintiff's damages were assessed at $6,000. The jury had also found that plaintiff's own negligence had caused him damage in the sum of $6,000. The court called the attention of the jury to the fact that by its answer to the eighth question of the verdict they had found the defendant's negligence greater than that of the plaintiff, and further directed the jury's attention to the fact that they had assessed the same amount of damages which the plaintiff had sustained by reason of his own negligence as were assessed in the answer to question No. 4 of the verdict which, of course, represented the total damages sustained by plaintiff as a natural and probable result of the injury received. The court, in substance, told the jury that the amount of damages to be assessed attributable to the plaintiff's own negligence should be in a sum less than the total damages as found in question No. 4 and that such damages as were found in answer to question No. 9 must be offset and deducted from the plaintiff's total damages as found in question No. 4.

The jury thus having in mind that the amount of plaintiff's recovery would be affected to the extent of the damage assessed due to his own negligence, returned to the juryroom and in a few minutes, according to the record, reassessed the plaintiff's damages sustained as the natural and probable result of the injury he received at the sum of $7,000, and reassessed the amount of damages sustained as a result of his own negligence in the sum of $1,000. The jury found the

driver of the defendant's truck negligent in the four respects indicated in the statement of facts preceding this opinion; also found the plaintiff negligent in the three respects as indicated, and on motions after verdict the court changed the answer to subdivision (b) of the fifth question from "No" to "Yes," which results in a finding by the court that plaintiff failed to stop his truck when he approached the intersection.

Corresponding answers were made to question No. 6 as to the four respects in which plaintiff was negligent, and that the plaintiff's injuries were the natural and probable result of his own negligence in said several respects. There is no evidence in the record to sustain the jury's findings in the respective sums indicated on the basis of comparative negligence as found by the jury. The trial court in its decision on the several motions after verdict said:

"Upon coming into court with the verdict, the court thereupon sent the jury back to determine the amount that the verdict should be reduced because of plaintiff's negligence. The jury arbitrarily changed the figure in question No. 4 from $6,000 to $7,000 and inserted in its answer to question No. 9 the sum of $1,000, contrary to the instructions of the court.

"The court being of the opinion that the verdict of the jury as returned is perverse because the amount found by the jury, by its answer to question No. 9, is greatly disproportionate to the amount of plaintiff's own negligence contributing to his injury in view of the fact that the jury found the plaintiff negligent in three specific details and moreover, the court being of the opinion that the jury failed to find on undisputed facts and failed to follow the instructions of the court in finding on those questions relating to right of way and plaintiff's failure to stop before entering the intersection, and the court being of the opinion that the answer to question No. 9 should be changed from $1,000 to $2,500, which amount the court believes is the smallest sum an unprejudiced jury would find as being the amount of damage

sustained by the plaintiff as a result of and by the acts of his own negligence which proximately contributed to his personal injury."

What this court said in *Schweiner v. Kralovetz,* 216 Wis. 542, 257 N. W. 449, is applicable here. The *Schweiner v. Kralovetz Case* was an action for alienation of affections, and on motions after verdict by the defendant for a new trial on the grounds that the damages assessed were excessive and that the verdict was perverse, the trial court reduced the amount of damages and gave plaintiff the option to take judgment for the amount of the verdict as reduced by the court and in the event that plaintiff did not exercise said option, granted a new trial. The trial court said:

"I cannot but mention the impassioned arguments made to the jury by plaintiff's three counsel; the word picture they drew, and the sums they appealed to the jury to give. I am satisfied, and have no doubt, but what such arguments swayed the jury and unduly influenced it and they awarded the damages upon the plea of counsel rather than upon the evidence.

"The court would have been better satisfied had both the compensatory and punitory damages been half of what the jury assessed."

In reversing the judgment with directions to grant a new trial this court, in referring to the above-quoted part of the trial court's decision, said:

"This amounts to a judicial determination by the trial court not merely that a grossly excessive award had been made by the jury, but that the assessment was in disregard of the evidence and responsive to emotions engendered by arguments of counsel. This amounts to a conclusion that the jury was misled by passion or prejudice, and that the verdict is perverse upon this issue. In view of these conclusions by the trial court, we are satisfied that a new trial should have been granted. There is a peculiarly intimate relation in this case between the principal issue and that of

damages. In order to determine whether defendant's conduct was the controlling cause of the loss by plaintiff of his wife's affections, it was necessary for the jury to examine with care and discrimination the evidence of plaintiff's relations with his wife prior to defendant's conduct. Having done this, it then became necessary to consider the same elements in order to determine the damage occasioned by defendant's misconduct. If the jury, by reason of passion and prejudice, disregarded the evidence applicable to the issue of damages, it is a fair conclusion that the same disregard was present in respect to the principal issue."

Then, quoting from the opinion in *McNamara v. McNamara,* 108 Wis. 613, 619, 84 N. W. 901, 903, in which it was held:

"If it appears that the elements of passion and prejudice may have entered into, and probably did affect, the decision of other questions in the case, the court's duty is to grant a new trial absolutely."

To the same effect is *Olsen v. Brown,* 186 Wis. 179, 182, 202 N. W. 167.

In order for a verdict to be perverse, it is not necessary that the jury should have acted dishonestly or from improper motives. It is sufficient that they have disregarded the judge's instructions and rendered a verdict which is clearly contrary to the evidence upon the question of damages. Where the answer to one material question shows that the jury made the answer perversely, "the court may well set the entire verdict aside, and indeed should do so unless satisfied that the answers to the other questions were not affected by such perversity, passion, or prejudice." *Murphy v. Lachmund Lumber & Coal Co.* 194 Wis. 119, 122, 215 N. W. 822; *State Journal Printing Co. v. Madison,* 148 Wis. 396, 403, 134 N. W. 909; *Lines v. Milwaukee,* 147 Wis. 546, 547, 133 N. W. 592.

In the instant case we have a judicial determination by the trial court that the verdict of the jury as returned is perverse; that the jury failed to find in accord with undisputed

facts and failed to follow the instructions of the court. The record here presents a clear case in which it was the court's duty to grant a new trial absolutely. This compels a reversal and renders unnecessary a consideration of other errors assigned.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.