DAHL, Appellant, v. K-MART, a division of S. S. Kresge Company, and others, Respondents.

*No. 171. Argued March 30, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 342.)

For the appellant there were briefs by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp*.

For the respondents K-Mart and S. S. Kresge Company there was a brief by *Heft, Coates, Heft, Henzl & Bichler* and *Robert H. Bichler*, all of Racine, and oral argument by *Robert H. Bichler*.

For the respondent Dairy State Markets there was a brief by *Johns, Flaherty, Harman & Gillette* of La Crosse, and oral argument by *Robert D. Johns*.

ROBERT W. HANSEN, J. Plaintiff-appellant alleges errors at the time of trial and thereafter which, it is

argued, require reversal. The issues raised ask the following questions:

*Was the special question as to malfunctioning of the door properly submitted to the jury?*

The verdict submitted to the jury contained the usual short-form special verdict questions as to negligence and causation as to each defendant, contributory negligence and causation as to the plaintiff, comparative degrees of negligence as to plaintiff and as to defendants, and damages. Additionally, the following special question went to the jury for answering:

"Was the plaintiff, Isadora Dahl, injured as a result of the malfunctioning of the door?"

The challenge is to the submission of such special question to the jury. We begin with the fact that the form of the verdict rests in the sound discretion of the trial court, not to be interfered with so long as the issues of fact in the case are covered by appropriate questions.[1] While issues raised by the pleadings are to be considered in drafting the form of verdict, the trial court is to eliminate from the issues thus raised those that are determined by evidence on the trial by admissions, uncontradicted proof or by failure of proof.[2] It is those issues that remain after this process of elimination that are to go to the jury. Here the testimony and proof at the time of the trial clearly were directed to the issue of whether or not the electric door was functioning properly at the time of the accident. Given this near complete preoccupation with the issue of malfunction, it was reasonable for the trial court to put to the jury the special question as to whether the door was or was not

[1] *Liberty Tea Co. v. La Salle Fire Ins. Co.* (1932), 206 Wis. 639, 643, 238 N. W. 399. *See also: Plummer v. Leonhard* (1969), 44 Wis. 2d 686, 695, 172 N. W. 2d 1.

[2] *Bell v. Duesing* (1957), 275 Wis. 47, 53, 80 N. W. 2d 821. *See also: Behr v. Larson* (1957), 275 Wis. 620, 83 N. W. 2d 157.

functioning properly at the time of the accident and whether its malfunction caused plaintiff's injuries.

*Were the jury answers as to negligence inconsistent with the jury answer as to malfunction?*

There was evidence upon which the jury could have found that the door in question was not functioning properly at the time of the accident. The plaintiff's expert witness so testified, as did the plaintiff. Obviously, this testimony was not believed by the jury. Instead the jury found that the door was working properly at the time of the accident, and there is ample evidence in the record to sustain this finding. However, the jury nonetheless found defendant Dairy States negligent. The trial court held that, in view of the jury finding that the door was functioning properly, there was no credible evidence upon which the jury could find negligence on the part of the defendant Dairy States. We agree, and sustain the trial court in changing the answers as to the negligence questions. Where there is one answer which completely determines the liability of the defendant, then other inconsistent answers should be stricken.[3] The trial court correctly concluded that, if the door involved did function properly on the day involved, there was no issue as to the negligence of either of the defendants left in the case.

*Was the jury entitled to rely upon the doctrine of res ipsa loquitur in answering the questions as to negligence?*

The trial court instructed the jury as to the permissible inference which may be drawn under the doctrine of *res ipsa loquitur*, and the plaintiff claims that the jury's answers concerning Dairy States' negligence may be sustained by this theory. As the trial court correctly pointed out in its opinion on motions after verdict, one of the elements in the application of such doctrine is that

---

[3] *Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801.

the accident be of the type which "would not occur in the absence of negligence." [4]

In the case before us, a person could be hit by one of these electric doors in the absence of any negligence on the part of the owner or occupier of the premises. If the door is functioning properly, any person stepping upon the entry portion of the floor mat causes the door to open and thereafter close. A person stepping upon the exit portion of the mat while the door is in the process of thus opening and closing runs the risk of being struck by the door as it opens or as it closes again. The plaintiff's effort to establish malfunction was intended to eliminate such possibility or probability of the accident occurring without negligence on the part of the proprietors. When the effort failed, the certainty of the accident occurring due to negligence on the part of the defendants evaporated with it. The safe-place statute does establish an increased standard of care, the violation of which means the violator is negligent, but it does not make the owner or occupier of a building an insurer. [5]

*Did the trial court err in refusing to allow an expert witness to answer certain questions?*

An expert witness called by the plaintiff, a professor of mechanical engineering, examined the electric door at the store sixteen months after the day of the accident. He testified that on the day of his examination the doors in question were not functioning properly. He testified

---

[4] *Turk v. H. C. Prange Co.* (1963), 18 Wis. 2d 547, 558 (fn. 2), 119 N. W. 2d 365.

[5] ". . . the responsibility of such owner or occupier is not that of an insurer." *Heckendorf v. J. C. Penney Co.* (1966), 31 Wis. 2d 346, 350, 142 N. W. 2d 801. *See also: Paluch v. Baldwin Plywood & Veneer Co.* (1957), 1 Wis. 2d 427, 432, 85 N. W. 2d 373; *Krause v. Veterans of Foreign Wars Post No. 6498* (1960), 9 Wis. 2d 547, 552, 101 N. W. 2d 645; *Lealiou v. Quatsoe* (1961), 15 Wis. 2d 128, 136, 112 N. W. 2d 193; *Presser v. Siesel Construction Co.* (1963), 19 Wis. 2d 54, 65, 119 N. W. 2d 405.

that the day he examined the door the aluminum frame on one portion of the door had been hammered and was indented. He testified that the door would get stuck or hung up on a protruding portion of the aluminum frame. At the trial, the expert witness was permitted to answer a hypothetical question concerning the functioning of the door on the day of the accident. His answer was that it was his opinion, assuming the facts as stated by plaintiff to be true, that the door was not functioning properly. Asked to state the reason for the malfunction, objection was made and the trial court ruled that the time lapse between the date of the accident and the date of the inspection by the witness precluded the witness from answering the question, basing the answer on his observations.

We sustain the trial court's holding that a time lag of sixteen months, coupled with the failure of the plaintiff to link the condition of the door at the time of the expert's examination of it with the condition of the door on the day of the accident, required that the objection be sustained. The test is, and has here been met, that:

"Rejection of evidence because of remoteness rests in the trial court's discretion. Remoteness in point of time does not necessarily render evidence irrelevant but it may do so where the lapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof. . . ." [6]

*Did the low damages found by the jury establish perversity?*

The trial court here did change certain answers in the verdict concerning damages, the effect of which was to increase the amount of damages. The trial court stated that, while the low amount of damages found by the jury

---

[6] *Rausch v. Buisse, supra,* 33 Wis. 2d at page 166. *See also: Krause v. Milwaukee Mut. Ins. Co.* (1969), 44 Wis. 2d 590, 599, 172 N. W. 2d 181.

indicated a certain amount of poor judgment as to certain particulars, there was no indication of perversity. The plaintiff urges that this court find both that damages awarded were low and that the verdict was therefore perverse. The general rule in this area has been stated as follows:

"The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse. . . ."[7]

While here the jury did find liability as to one of the defendants in a part of its verdict, the trial court held, and correctly so, that the answer by the jury to the question as to malfunction established nonnegligence and nonliability of the defendants. The result is that, as a matter of law, liability was not found against any of the defendants. Regardless of that, the trial court's finding that a low verdict as to damages awarded does not indicate perversity is to be given great weight.[8] We have no hesitancy here in upholding the trial court finding that there was no perversity in the verdict.

*By the Court.*—Judgment affirmed.

[7] *Sell v. Milwaukee Automobile Ins. Co.* (1962), 17 Wis. 2d 510, 519, 520, 117 N. W. 2d 719. *See also: Mainz v. Lund* (1963), 18 Wis. 2d 633, 119 N. W. 2d 334; *Fink v. Reitz* (1965), 28 Wis. 2d 319, 137 N. W. 2d 21.

[8] *Willenkamp v. Keeshin Transport System, Inc.* (1964), 23 Wis. 2d 523, 127 N. W. 2d 804.