BARTELL and husband, Respondents, v. LUEDTKE and another, Appellants.

*No. 199.  Argued September 13, 1971.—Decided October 5, 1971.*
(Also reported in 190 N. W. 2d 145.)

For the appellants there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondents there was a brief by *Nugent & Nugent* of Waupun, and oral argument by *J. E. Nugent*.

HANLEY, J. The sole issue on this appeal is whether it was an abuse of discretion for the trial judge to order a new trial in the interest of justice.

It is well settled that in cases where the trial court has awarded a new trial in the interest of justice, this court will affirm unless there is a clear showing of abuse of discretion. *Van Gheem v. Chicago & N. W. Ry. Co.* (1967), 33 Wis. 2d 231, 147 N. W. 2d 237. The determination of whether discretion was abused by the trial court is guided by a number of elementary principles which were stated in *Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 150 N. W. 2d 313, and approved in *Quick v. American Legion 1960 Convention Corp.* (1967), 36 Wis. 2d 130, 152 N. W. 2d 919; and *Loomans v. Milwaukee Mut. Ins. Co.* (1968), 38 Wis. 2d 656, 158 N. W. 2d 318:

". . . It is elementary that in such cases the supreme court does not look for evidence to sustain the jury's findings, but seeks reasons for sustaining the trial court. Essentially, the supreme court usually defers to the trial court's decision because of the trial court's opportunity to observe the trial and evaluate the evidence, and the order is highly discretionary. If one ground relied upon by the trial court in granting a new trial in the interest of justice is correct, this is sufficient to affirm the order of the trial court." *Hillstead v. Shaw, supra,* at page 648.

It has also been stated that a new trial may be granted in the interest of justice because the verdict is against the great weight of the evidence, even though there is sufficient credible evidence to support the jury's finding. *Landrey v. United Services Automobile Asso.* (1970), 49 Wis. 2d 150, 181 N. W. 2d 407.

In reviewing the order, we are to examine the reasons stated, in the light of the record, in order to determine whether the order constitutes an abuse of discretion. One of the reasons given by the trial court for granting a new trial was that Luedtke was negligent, with respect to management and control, as a matter of law. The view the judge took of the evidence indicated that he

believed plaintiffs' testimony as to how the accident occurred and rejected defendants' version. If it were true that Bartell was stopped for twenty or forty seconds before the collision, a finding of guilty as a matter of law could be sustained. However, this testimony is disputed. Luedtke stated that Bartell stopped suddenly; and Mrs. Luedtke testified that their car "drifted" into the Bartell vehicle just after the latter had come to a stop. In addition, both Bartell and Luedtke testified that there was a patch of ice. Skidding can occur without fault on the part of a driver. *Voigt v. Voigt* (1964), 22 Wis. 2d 573, 126 N. W. 2d 543. Therefore, it could not be stated as a matter of law that Luedtke was negligent as to management or control. Under the evidence this was purely an issue of fact for the jury to determine.

The trial judge was also concerned that the jury had entered "None" in response to the damage question. The trial court recognized, and we emphasize, that the denial of damages does not necessarily show prejudice or perversity on the part of the jury. *Dahl v. K-Mart* (1970), 46 Wis. 2d 605, 176 N. W. 2d 342. The trial court felt that the jury must have ignored the testimony of Mrs. Bartell's doctor, which the trial judge characterized as "uncontradicted" and "the only credible evidence" relative to hospitalization. However, the record reveals that the doctor stated that it was impossible to tell whether or not the conditions revealed by the X rays were caused by the accident.

The trial judge emphasized that he could not envision Mrs. Bartell going through hospitalization and treatment unless she needed it. There was evidence, however, that she was not averse to going to the hospital. She stated it was "Sort of like a vacation" to be in the hospital. She also admitted that she would rather be hospitalized than have a simple operation performed in the doctor's office. These statements could have substantially influenced the jury on the question of whether

Mrs. Bartell suffered any damages at all. As to treatment, both Mrs. Bartell and her doctor testified that many of the office visits were not primarily to treat the injury sustained in the accident. Mrs. Bartell was going through her menopause and received medication and tests on that account. At one time the doctor was concerned about the possibility of pregnancy and tested for that. Treatment was prescribed for anemia and chronic sinusitis and laryngitis. Aside from Mrs. Bartell's nonexpert opinion that the accident shocked her into menopause, there is no showing how these conditions were related to the accident.

The trial court made no comment on the damages sustained by the vehicles involved in the accident. The testimony clearly established that the car in which plaintiffs were riding showed nothing except a small dent in the rear bumper. From this fact alone the jury could have reasonably concluded that the impact was too slight to cause the injuries complained of. The jury is entitled to draw legitimate inferences from physical facts. *Vogel v. Vetting* (1953), 265 Wis. 19, 60 N. W. 2d 399.

The record in this case clearly indicates that the great weight of the credible evidence supports the findings of the jury. The trial court cannot substitute its judgment for the trier of fact. The fact that the trial judge may not concur in the jury's verdict or that a different jury might reach a different conclusion is not grounds for the granting of a new trial. *Field v. Vinograd* (1960), 10 Wis. 2d 500, 103 N. W. 2d 671.

We conclude that the evidence in this case did not warrant the granting of a new trial in the interest of justice and that it was an abuse of discretion to do so.

*By the Court.*—Order reversed, cause remanded with directions to reinstate the verdict and enter judgment thereon.