FOUSE, and wife, Respondents, v. PERSONS, and another, Appellants.

*No. 75–33. Submitted on briefs October 5, 1977.—Decided November 1, 1977.*
(Also reported in 259 N. W. 2d 92.)

For the appellants the cause was submitted on the brief of *James P. Brennan* and *Simarski, Goodrich, Brennan & Stack,* all of Milwaukee.

For the respondents the cause was submitted on the brief of *Duane L. Arena* of Racine.

ROBERT W. HANSEN, J. The trial court, as the statute authorizes,[1] set aside the jury verdict "in the interest of justice." As the statute requires,[2] the trial court stated its reasons for setting aside the verdict and granting a new trial as follows:

"[T]he jury failed to follow the Court's instructions in its answers to the damage questions, that the verdict is inconsistent, that the damages awarded are inadequate . . . and that the verdict is perverse. The Court further concludes that perversity permeates the entire verdict."

In setting aside a jury verdict and ordering a new trial, a trial court has to steer between Scylla and Charybdis. On the one hand, it is admonished that it "cannot simply substitute its judgment for that of the jury or find that a different jury might have reached a different result."[3] On the other hand, it is told that this power to order a new trial " 'is a power that should be courageously and fearlessly exercised whenever a trial judge is convinced that to enter judgment on a verdict returned would result in a miscarriage of justice.' "[4] In reviewing an order granting a new trial, we are "loath to interfere"[5] and do so "only in a clear case of an abuse of discretion."[6] We look "for reasons to

[1] Sec. 270.49(1), Stats. 1973.

[2] Sec. 270.49(2), Stats. 1973.

[3] *Markey v. Hauck,* 73 Wis.2d 165, 172, 242 N.W.2d 914 (1976), citing *Bartell v. Luedtke,* 52 Wis.2d 372, 379, 190 N.W.2d 145 (1971).

[4] *Van Gheem v. Chicago & N. W. Ry. Co.,* 33 Wis.2d 231, 236, 147 N.W.2d 237 (1967), quoting *Schlag v. Chicago M., St. P. R. Co.,* 152 Wis. 165, 169, 170, 139 N.W. 756 (1913).

[5] *Id.* at 236.

[6] *Id.* at 236.

sustain, and not to reverse, the trial court."[7] If only one of the several reasons given by the trial court for setting aside a jury verdict and ordering a new trial is sufficient, the trial court has not abused its discretion.[8]

With these rules in mind, we begin by examining the trial court's holding that the jury's verdict in this case was perverse. Since a perverse verdict is one "which is clearly contrary to the evidence," a verdict of this nature cannot stand but must be set aside and a new trial granted.[9] Here the trial court found that the jury's verdict was perverse and that justice had miscarried because three of the jury's answers to the damages questions, when viewed either in themselves or together, were contrary to the evidence and to its instructions.

## A. THE AWARD FOR MEDICAL AND HOSPITAL EXPENSES.

Although the plaintiff introduced evidence of medical and hospital expenses of $5,400, the jury awarded him only $1,750. The plaintiff's doctors testified the items contained in the $5,400 total were reasonable and neces-

---

[7] *Markey v. Hauck, supra,* n. 3, at 172, citing *Hillstead v. Shaw,* 34 Wis.2d 643, 648, 150 N.W.2d 313 (1967); *Loomans v. Milwaukee Mut. Ins. Co.,* 38 Wis.2d 656, 662, 158 N.W.2d 318 (1968); *Just v. Misericordia Hospital,* 61 Wis.2d 574, 213 N.W.2d 369 (1974).

[8] *Id.* at 172.

[9] *Nelson v. Fisher Well Drilling Co.,* 64 Wis.2d 201, 210, 218 N.W.2d 489 (1974), citing *Grammoll v. Last,* 218 Wis. 621, 632, 261 N.W. 719 (1935). In *Nelson* we held at 211: "A verdict may be so grossly inadequate or excessive as pertains to the amount allowed as damages to be termed perverse particularly where the evidence is susceptible to an exact computation of damages." Citing: *Grammoll v. Last, supra; Murphy v. Lachmund Lumber & Coal Co.,* 194 Wis. 119, 215 N.W. 822 (1927); 5 Callaghan's *Wisconsin Pleading and Practice,* p. 104, sec. 34.62 (citing cases).

sary. The defendants adduced no testimony that the amounts were unreasonable, but instead challenged the necessity for the surgery, the cost of which was included in the total. The trial court found that even if the jury agreed with the defendants' theory of the case that the surgery was unnecessary, the damages awarded for medical and hospital expenses should have been only $393.91, the amount of expenses incurred up to the time of the surgery and, therefore, that the award of $1,750 was perverse.

However, the fault in the award may go deeper. The theory of the defense is that some of the damages resulted from mistaken medical treatment. The rule for awarding damages for injuries aggravated by subsequent mistaken medical treatment was established in *Selleck v. Janesville*[10] in 1898, and has been followed since.[11] Assuming that the plaintiff exercised good faith and due care in the selection of his treating physician, an assumption borne out by the record in this case, under the

[10] 100 Wis. 157, 164, 75 N.W. 975 (1898) in which the court included that the plaintiff could recover for aggravation of injuries sustained by the "negligence or unskillfulness" of her physician because: "The wrongdoer may well anticipate that the person injured will employ a physician or surgeon, and in doing so will exercise ordinary care in making the selection; but, where that is done, such person cannot be expected to assume the responsibility of the very highest degree of skill."

[11] *See: Butzow v. Wausau Memorial Hospital,* 51 Wis.2d 281, 289, 187 N.W.2d 349 (1971) ("[D]efendants in the first cause of action are liable for the aggravation by the Wausau Hospital."). *See also: Spencer v. ILHR Department,* 55 Wis.2d 525, 532, 200 N.W.2d 611 (1972) in which we stated: "[I]s Spencer [plaintiff] to be faulted because he chose to follow erroneous medical advice? We do not think so, as long as he did so in good faith. . . . The employer is responsible for the consequences not only of the injury, but the treatment." *See also: Johnson v. Heintz,* 73 Wis.2d 286, 243 N.W.2d 815 (1976).

*Selleck* rule the defendants are liable for the full amount of damages caused by the aggravation. However, the plaintiff did not request a jury instruction regarding the defendants' liability for damages aggravated by malpractice or mistake[12] and has not challenged the instructions as given on appeal. We therefore confine our review to the fault found by the trial court and agree with the court below that the jury's award as to hospital and medical expenses has no rational relationship to the evidence presented concerning those expenses.

## B. THE AWARD FOR LOSS OF PAST EARNINGS.

Like the award for hospital and medical expenses actually incurred, the award for loss of past earnings is susceptible of nearly exact computation. Such awards are more easily tested for perversity than awards for pain and suffering or awards for loss of future earnings.[13] In this case the jury's award compensated the plaintiff for thirty-eight days of work. At the time of trial the plaintiff had been off work for twenty-one months. The trial court noting this disparity found that: "There is no credible evidence in the case to support limiting Fouse's award for wage loss to the amount allowed by the jury. Even if we would subscribe to the theory that the jury found that the performed surgery was unnecessary and that Fouse suffered only from lumbar strain which he incurred in the October 23, 1972 accident there is no evidence in the record to support the jury's conclusion that he was ready to return to work by December 19, 1972." We do not find an abuse of discretion in the trial court's finding that the award made by the

[12] *See, e.g.,* Wis. J I—Civil, Part II, 1710.
[13] *See,* n. 9.

jury for loss of past wages was not supported by credible evidence.

## C. THE AWARD FOR PAIN, SUFFERING AND DISABILITY.

The third basis for the trial court finding of perversity involves the jury's answer to the special verdict question asking what sum of money will fairly and reasonably compensate the plaintiff for damages for past and future pain, suffering and disability. The jury answered: $275. The trial court noted that in awarding the plaintiff only $275 for pain, suffering and disability, the jury seemed "to deny any permanent injury or were simply unreasonably frugal in their award." Yet, as the trial court also noted, the jury found a loss of future earning capacity in the amount of $7,725. The court observed that the award of loss of future earnings must be based on plaintiff's life expectancy which the jury was advised could be as much as forty-three years. Therefore, as to the award for past and future pain and suffering, the court found the amount of $275 inadequate and inconsistent with the award for past and future earnings.

The defendants challenge these findings by citing the case of *Bartell v. Luedtke* in which this court sustained a jury verdict where "the jury had entered 'None' in response to the damage question."[14] In that case our court held that the jury "could have reasonably concluded that the impact was too slight to cause the injuries complained of."[15] But *Bartell* is a case where the jury awarded no damages and also found the defendant not negligent.[16] That is not the case before us here where

---

[14] *Bartell v. Luedtke, supra,* n. 3, at 378.

[15] *Id.* at 379.

[16] *Id.* at 379. *See also: Willenkamp v. Keeshin Transport System, Inc.,* 22 Wis.2d 523, 530, 127 N.W.2d 804 (1964), quoting

consistency of the jury's answers is the major issue. It is the obvious and gross disproportion between the award for future loss of earning capacity ($7,725) and the award for past and present pain, suffering and disability ($275) that firmly undergirds the trial court's finding of inconsistency and arbitrariness. Putting together, as the trial court did, the inconsistencies in three of the jury's answers, we find no abuse of discretion in the trial court's finding of perversity.

In its decision the trial court also concluded that "perversity permeated the whole verdict" and ordered a new trial on all issues. The defendants argue that, since the reasons stated by the trial court for finding perversity relate solely to the damages awarded, the trial court should have limited the new trial solely to the issue of damages.

Ordinarily this court is asked to determine whether a trial court erred by permitting the damages issue to be relitigated on retrial.[17] Here the claim is that only the issue of damages should be relitigated. In both situations, " 'The scope of a new trial is discretionary with a trial court, and the question on appeal is whether the trial court abused its discretion.' "[18] A partial new trial is to be favored when " 'the error, or reason for the new trial,

---

*Sell v. Milwaukee Automobile Ins. Co.,* 17 Wis.2d 510, 519, 117 N.W.2d 719 (1962): " 'The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse.' " *See also: Voeltzke v. Kenosha Memorial Hospital,* 45 Wis.2d 271, 172 N.W.2d 673 (1969); *Dahl v. K-Mart,* 46 Wis.2d 605, 176 N.W.2d 342 (1970).

[17] *See, e.g., Markey v. Hauck, supra,* n. 3; *Just v. Misericordia Hospital, supra,* n. 7; *Kenwood Equipment, Inc. v. Aetna Ins. Co.,* 48 Wis.2d 472, 180 N.W.2d 750 (1970).

[18] *Just v. Misericordia Hospital, supra,* n. 7, at 582, quoting *Kenwood Equipment, Inc. v. Aetna Ins. Co., supra,* n. 17, at 485.

is confined to one issue which is entirely separable from the others and it is perfectly clear that there is no danger of complication.' "[19] In reversing an order for a new trial on all issues, our court quite recently found the issue of causation "separable from the issue of damages" and saw "no danger of complication, confusion, or prejudice, if the new trial is limited to the issue of liability."[20] However, that case did not also involve a trial court finding of perversity. When perversity is found, the trial court has a broader leeway. Where the answer to one material question shows that the jury made the answer perversely, " 'the court may well set the entire verdict aside, and indeed should do so unless satisfied that the answers to the other questions were not affected by such perversity, passion or prejudice.' "[21] Where a trial court has determined that the jury's answer to one or more questions, here the answers as to damages, is perverse and where as here it finds that the perversity affects the entire verdict, the trial court is entitled to order a new trial on all issues. Given a finding of perversity, it is presumed that all of the jury's answers are affected, unless the trial court finds otherwise and states his reasons for finding that the perversity is confined to one part of the verdict. We have recognized that the trial court is generally in a better position to determine whether a new trial ought to be limited to a particular issue,[22] and that observation fits particularly well the determination of whether perversity, once found, taints the entire verdict or only a part of it. We find no abuse of discretion by the court below in ordering a new trial on the issue of liability as well as on the issue of damages.

*By the Court.*—Order affirmed.

---

[19] *Id.*

[20] *Id.* at 583.

[21] *Murphy v. Lachmund Lumber & Coal Co., supra,* n. 9, at 122, .quoting *State Journal P. Co. v. Madison,* 148 Wis. 396, 403, 134 N.W. 909 (1912). *See also: Grammoll v. Last, supra,* n. 9.

[22] *Just v. Misericordia Hospital, supra,* n. 7, at 583.