SPENCER, Respondent, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and others, Appellants.

*No. 102. Argued September 5, 1972.—Decided October 3, 1972.*
(Also reported in 200 N. W. 2d 611.)

For the appellant Department of Industry, Labor & Human Relations the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the appellants Thomas L. Spencer and Employers Insurance of Wausau there was a brief by *Klueter, Larson & MacKenzie* of Wausau, and oral argument by *E. E. Larson.*

For the respondent there was a brief by *Winter & Winter* of Antigo, and oral argument by *Richard T. Winter.*

HANLEY, J.  Two issues are presented on this appeal:

(1) Does sec. 102.42 (2), Stats., require a claimant to give notice to his employer and his insurer before consulting a second physician from the panel of physicians named by the employer; and

(2) Did the circuit court exceed its review jurisdiction when it set aside the findings of the department and remanded the record for proceedings consistent with its directions for judgment?

*Question of notice.*

The notice requirements of sec. 102.42 (2), Stats., are a matter of first impression in this court; and, therefore, the provisions of both subsections (1) and (2) are set forth:

"102.42 **Incidental compensation.** (1) The employer shall supply such medical, surgical and hospital treatment, medicines, medical and surgical supplies, crutches,

artificial members, appliances, and training in the use of artificial members and appliances, or, at the option of the employe, if the employer has not filed notice as hereinafter provided, Christian Science treatment in lieu of medical treatment, medicines and medical supplies, as may be reasonably required to cure and relieve from the effects of the injury, and to attain efficient use of artificial members and appliances, and in case of his neglect or refusal seasonably to do so, or in emergency until it is practicable for the employe to give notice of injury, the employer shall be liable for the reasonable expense incurred by or on behalf of the employe in providing the same. The employer shall also be liable for reasonable expense incurred by the employe for necessary treatment to cure and relieve him from the effects of occupational disease prior to the time that the employe knew or should have known the nature of his disability and its relation to employment, and as to such treatment the provisions of section 102.42 (2) and (3) shall not apply.

"(2) The employe shall have the right to make choice of his attending physician from a panel of physicians to be named by the employer. *Where the employer has knowledge of the injury and the necessity for treatment, his failure to tender the same shall constitute such neglect or refusal.* Failure of the employer to maintain a reasonable number of competent and impartial physicians, ready to undertake the treatment of the employe, and to permit the employe to make choice of his attendant from among them, shall constitute neglect and refusal to furnish such attendance and treatment. *Nothing contained in this section shall limit the right of the employe to make a second choice of physician from the panel of physicians named by the employer.* The department may upon summary hearing permit an injured employe to make selection of a physician not on the panel." (Emphasis supplied.)

The circuit court found that a claimant under sec. 102.42 (2), Stats., has a right to consult a second physician from the panel of physicians named by the employer, although the first physician has terminated treatment and certified the claimant as fit to return to work. The

circuit court also found that such a right is contingent upon neither his employer's consent nor notice to him of a claimant's continued need for treatment. The critical language relied on by both the circuit court and the respondent on appeal reads:

". . . Nothing contained in this section shall limit the right of the employe to make a second choice of physician from the panel of physicians named by the employer. . . ."

We think the above provision clearly and specifically authorizes the employee to contact a second physician of the employer's panel. There is no requirement that he have anyone's consent, nor is it necessary for him to give anyone notice, unless the second physician is not on the panel.

*Review jurisdiction.*

Appellants contend that the circuit court exceeded its review jurisdiction when it set aside the findings of the department and remanded the record for proceedings consistent with its directions for judgment. Their contention rests upon the very well-settled grounds that by statute, the findings of fact made by the industrial commission (now ILHR Department) are conclusive;[1] that matters concerning the extent and duration of disability along with questions of the reasonable necessity

[1] "102.23 **Judicial review.** (1) The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive . . . Upon such hearing, the court may confirm or set aside such order or award; . . . but the same shall be set aside only upon the following grounds:

"(a) That the commission acted without or in excess of its powers.

"(b) That the order or award was procured by fraud.

"(c) That the findings of fact by the commission do not support the order or award."

of specific kinds of treatment present such questions of fact;[2] that where, as here, disputed medical testimony is presented, the department's findings as to which of the witnesses' testimony will be given the greater weight and credibility is similarly conclusive;[3] and that the record does contain credible evidence to support the department's findings.

Dr. Braun, the first surgeon consulted by respondent, testified that on May 20, 1968, Spencer's left lateral tibial condyle showed a depressed fracture which was slight and well-healed and that, although it would cause him some pain, it could not amount to as much pain as the respondent had constantly complained of. Similarly, he testified that there was some atrophy, that the knee was tender on pressure, that there was a little swelling, and that Spencer generally had a low threshold of pain. Dr. Braun stated that he had not changed his original conclusions since he had last examined respondent over a year earlier: His disability was 15 percent at the knee; he could have returned to work on April 1, 1967; and there was insufficient evidence to warrant an arthrodesis of the knee.

Respondent's second surgeon, Dr. Miller, after examining essentially the same symptoms and X-ray evidence, concluded that an arthrodesis should be performed. Besides his general interpretation of the X-ray findings, it was Dr. Miller's opinion that since it was pain which prevented Spencer from returning to work, perhaps a stiff but painless leg would be preferable. When confronted with that choice, Spencer decided to take the stiff leg.

In setting aside the findings of fact and order of the department, the circuit court held as a matter of law

[2] *Sheehan v. Industrial Comm.* (1956), 272 Wis. 595, 600, 76 N. W. 2d 343.

[3] *Burks v. ILHR Department* (1969), 45 Wis. 2d 1, 172 N. W. 2d 27.

that where an employee, in good faith, accepts the recommendation of treatment of one doctor, with whom another doctor disagrees, the department cannot disregard the consequences of treatment (increased period of temporary total disability, increased permanent partial disability and the expense of the arthrodesis) because it finds the treatment was either unnecessary or unreasonable. This conclusion is evidently based on the court's earlier finding of an absolute right to consult a second panel physician without first tendering notice to the employer.

As we see it, the conflict here is not with the amount of disability ultimately resulting, but whether the judgment of one or the other doctor was correct or incorrect with respect to the necessity of the arthrodesis. Assuming Dr. Braun was correct, is Spencer to be faulted because he chose to follow erroneous medical advice? We do not think so, as long as he did so in good faith. There is no evidence to show that in accepting arthrodesis Spencer did so other than in good faith. The employer is responsible for the consequences not only of the injury, but the treatment.[4] Respondent now has a stiff knee resulting from the original injury.

We conclude that the circuit court was correct in its rulings as a matter of law; and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

---

[4] *Selleck v. Janesville* (1898), 100 Wis. 157, 75 N. W. 975.