CITY OF WAUWATOSA and Sentry Insurance Company,
Plaintiffs-Appellants,

v.

The LABOR & INDUSTRY REVIEW COMMISSION and
John J. Tebo, Defendants-Respondents.

Court of Appeals

*No. 82–742. Submitted on briefs November 11, 1982.—*
*Decided December 14, 1982.*
(Also reported in 328 N.W.2d 882.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Robert H. Zilske* and *Jeffrey S. Fertl* of *Borgelt, Powell, Peterson & Frauen, S.C.*, of Milwaukee.

For respondent Labor and Industry Review Commission the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Stephen M. Sobota*, assistant attorney general.

For respondent John J. Tebo the cause was submitted on the brief of *Thomas E. Brown* of *Gimbel, Gimbel & Reilly,* of Milwaukee.

Before Decker, C.J., Moser, P.J. and Wedemeyer, J.

WEDEMEYER, J. John J. Tebo was employed by the city of Wauwatosa as a police officer. On April 30, 1978, while on duty, Tebo slipped off a curb and injured his left hip. Tebo sought and received medical treatment at the end of his shift and was able to return to work on May 14, 1978. The pain reoccurred, however, and Tebo stopped working on June 10, 1978. At this time, Tebo was referred to Dr. C. Hugh Hickey. Dr. Hickey diagnosed Tebo's pain as caused by a congenital condition known as dysplastic hips. Dr. Hickey believed, and later testified, that this congenital condition was asymptomatic before Tebo fell on April 30, 1978, and that the fall aggravated the condition. Hickey recommended surgery to relieve the pain and an operation was performed on July 28, 1978. A second operation was performed a year later.

Three months after the first operation, Tebo was examined by Dr. Michael C. Collopy, at the request of the city of Wauwatosa and its worker's compensation insurer, Sentry Insurance Company (appellants). Tebo filed a claim for worker's compensation benefits and a hearing was held before an examiner. At the hearing, Dr. Collopy testified, in contrast to the testimony of Dr. Hickey, that the April 30, 1978, accident caused capsulitis of the left hip, a condition which did not require surgery. The accident, Dr. Collopy testified, had not aggravated nor accelerated the preexisting congenital hip condition, but merely brought the condition to the attention of the surgeon.

The hearing examiner weighed the conflict in the expert medical testimony and determined that the accident

caused capsulitis of the left hip. This conditional did not require surgery and the hearing examiner therefore denied worker's compensation benefits related to surgery.

The Labor and Industry Review Commission modified the findings of facts of the examiner and concluded that the April 30, 1978, accident aggravated the preexisting congenital condition, which necessitated surgery. The commission's order awarded worker's compensation benefits for temporary total disability. In modifying the findings of fact, the commission neither affirmatively showed on the record that it had consulted with the examiner nor stated on the record its reasons for concluding differently than did the examiner.

Appellants commenced an action in the circuit court seeking review of the commission's order. The circuit court affirmed the order of the commission, relying on *Spencer v. DILHR*, 55 Wis. 2d 525, 200 N.W.2d 611 (1972). Appellants appealed the judgment of the circuit court. We hold that the circuit court erred in applying *Spencer* to the facts of this case, and we therefore reverse the judgment of the circuit court. The commission failed to state on the record its reasons for concluding differently than the examiner and failed to consult on the record with the examiner on the credibility of the witnesses. We set aside the order of the commission and remand the cause to the commission.

The issue before this court is whether the trial court erred in holding that the hearing examiner made an erroneous conclusion of law, and that therefore, the commission did not have to consult with the examiner or state reasons on the record for modifying the examiner's findings.

In *Spencer*, the Wisconsin Supreme Court held that, where an employee, in good faith, accepts the recommen-

dation of treatment of one doctor, with whom another doctor disagrees, the commission cannot disregard the consequences of the treatment because it finds the treatment either unnecessary or unreasonable. *Id.* at 531–32, 200 N.W.2d at 614–15. In *Spencer,* it was undisputed that the injury was a compensable industrial injury. *Id.* at 526–27, 200 N.W.2d at 612. Here, however, there was a dispute in the medical testimony whether Tebo's condition for which surgery was performed was even related to the compensable industrial injury. The hearing examiner found that the compensable industrial injury did not necessitate surgery. We conclude that the *Spencer* rationale applies only to cases involving treatment for an undisputed compensable industrial injury. It thus does not apply to the facts of this case.

Since the examiner did not make an erroneous conclusion of law, the commission is required to state on the record its reasons for modifying the examiner's findings. *Transamerica Insurance Co. v. DILHR,* 54 Wis. 2d 272, 284, 195 N.W.2d 656, 663 (1972). The commission is also required to consult on the record with the examiner where the credibility of witnesses is involved and the commission reverses the examiner. *Braun v. Industrial Commission,* 36 Wis. 2d 48, 57, 153 N.W.2d 81, 85 (1967). The commission performed neither of these duties, and therefore acted in excess of its powers. Sec. 102.23(1)(d)1, Stats. The order of the commission is set aside. We remand the cause to the commission for review of this case consistent with these duties as set forth.

*By the Court.*—Judgment reversed and cause remanded.